**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Eduardo GRACIA, Defendant–Appellant.**

**No. 92–8130**
**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Feb. 2, 1993.

---

Eduardo Gracia, pro se.

Richard L. Durbin, Jr., San Antonio, TX, Mark R. Stelmach, Asst. U.S. Attys., Ronald F. Ederer, U.S. Atty., San Antonio, TX, for plaintiff-appellee.

Before POLITZ, Chief Judge, HIGGINBOTHAM and WIENER, Circuit Judges.

POLITZ, Chief Judge:

Eduardo Gracia appeals his conviction and sentence after a guilty plea to a charge of conspiracy to possess marihuana with intent to distribute, in violation of 21 U.S.C. §§ 846, 841(a)(1). Although represented by counsel at trial, Gracia proceeds *pro se* herein. Because the trial court failed to impose the mandatory three-year term of supervised release, we modify the sentence to conform to the statutory requisites. Finding no error in the conviction or sentence in any other respect, we affirm as modified and return the matter to the district court for correction of the judgment and commitment order.

### Background

In the fall of 1990, authorities learned of an illegal operation involving marihuana obtained in Mexico, smuggled into this country at Laredo, and transported by tractor-trailers to Austin. David Williams led the organization, while Gracia and his brother Sylvestre had responsibility for obtaining the contraband in Mexico and arranging for its delivery to Austin. On December 6, 1990 authorities executed federal search warrants, seized over 1000 pounds of marihuana, and arrested Williams and Sylvestre. Four months later Gracia was arrested upon reentering the country.

Gracia was indicted for conspiracy to possess marihuana with intent to distribute, the substantive possession offense, and the utilization of proceeds of unlawful drug sales to conduct a financial transaction with intent to promote the distribution of marihuana. Gracia agreed to plead guilty to the conspiracy count; the government agreed to dismiss the remaining counts and to pursue no further prosecutions based on the operation. The guilty plea was accepted. Gracia stood convicted and was sentenced to 180 months imprisonment, five years supervised release, a fine, and the statutory assessment. He timely appealed.

### Analysis

Gracia alleges many imperfections in the Fed.R.Crim.P. 11 plea colloquy. He further asserts that his plea was involuntary because the prosecutor and his own attorney misinformed him about the period of incarceration he faced. He contends that he received ineffective assistance of counsel. He also contends that the trial court based the sentence on inaccurate information, including the computation of the quantity of marihuana involved, and he maintains that his punishment exceeds statutory maxima. Except as noted with reference to the period of supervised release, no assignment of error has merit.

#### 1. *The Guilty Plea Hearing*

Gracia first challenges the guilty plea hearing. We have long recognized that Fed.R.Crim.P. 11 provides prophylactic protection for the constitutional rights involved in the entry of guilty pleas.[1] When considering challenges to guilty plea proceedings, we have focused on three core concerns: absence of coercion, the defendant's understanding of the charges, and a realistic understanding of the consequences

---

1. *United States v. Bernal,* 861 F.2d 434 (5th Cir.1988) (quoting *United States v. Adams,* 634 F.2d 830 (5th Cir.1981), *cert. denied,* 493 U.S. 872, 110 S.Ct. 203, 107 L.Ed.2d 156 (1989)).

of a guilty plea.[2] Total failure of the district court to address a core concern requires *vacatur* of the conviction and a remand so that the defendant may plead anew.[3] Under Fed.R.Crim.P. 11(h), however, trial court errors not constituting total failure to address a core concern may be subjected to a harmless error analysis.[4] Under that analysis, an error not affecting the defendant's substantial rights does not require reversal.[5]

 Gracia correctly notes that at the rearraignment proceeding the district court understated by one year the minimum potential term of supervised release.[6] This failure implicates the core concern of informing the defendant about the consequences of his guilty plea. In *Bachynsky*, however, we held that a district court's failure to mention the possibility of supervised release does not alone constitute a total failure to address this core concern, provided the sentence actually imposed cannot restrict the defendant's liberty for a period exceeding the statutory maximum

as advised.[7] Inasmuch as we modify the district court sentence to impose a three-year supervised release term as mandated by coterminous statutory maximum and minimum provisions, the case at bar meets the *Bachynsky* test and harmless error analysis applies.[8] The record persuades us that the trial court's misstatement did not materially influence Gracia's decision to plead guilty and thus constituted harmless error.[9]

 Gracia's claim that the district court violated Fed.R.Crim.P. 11(d) by failing to inquire into promises apart from the plea agreement lacks merit. At rearraignment, in response to the district court's inquiries, Gracia testified that no one had threatened, coerced, or forced him in any way to plead guilty, and that no one had made any "prediction, prophecy or promise" as to his sentence. Those inquiries satisfied the requirements of Rule 11(d) with regard to promises outside the plea agreement.[10]

2. *Id.* (citing *United States v. Dayton*, 604 F.2d 931 (5th Cir.1979) (*en banc*), *cert. denied*, 445 U.S. 904, 100 S.Ct. 1080, 63 L.Ed.2d 320, 445 U.S. 971, 100 S.Ct. 1665, 64 L.Ed.2d 249 (1980)).

3. *E.g., United States v. Bachynsky*, 934 F.2d 1349 (5th Cir.) (*en banc*), *cert. denied*, —— U.S. ——, 112 S.Ct. 402, 116 L.Ed.2d 351 (1991); *Bernal*, 861 F.2d at 436 (citing *United States v. Corbett*, 742 F.2d 173 (5th Cir.1984); *Dayton*).

4. *E.g., United States v. Hekimain*, 975 F.2d 1098 (5th Cir.1992); *Bachynsky* (harmless error analysis applies where district court provides "less than letter perfect" treatment of core concern under Fed.R.Crim.P. 11); *Dayton.*

5. Fed.R.Crim.P. 11(h).

6. Under 21 U.S.C. §§ 846, 841(b)(1)(C) the district court had to impose a minimum of three years supervised release following any term of incarceration to which it sentenced Gracia. The district court, however, inadvertently stated that "at least two and possibly three years of supervised release" would follow any term of incarceration imposed.

7. Although *Bachynsky* did not involve an offense carrying a mandatory minimum supervised release term, we have since applied the *Bachynsky* test in such a case. *See United States v. Bounds*, 943 F.2d 541 (5th Cir.1991).

8. The trial court sentenced Gracia to 180 months imprisonment. If the court were to

revoke the supervised release immediately before its expiration, Gracia could serve an additional two years in prison. *See* 18 U.S.C. § 3583(e)(3). Thus, the sentence imposed cannot possibly restrict Gracia's liberty for longer than 20 years—the maximum potential incarceration term of which Gracia was informed.

9. *E.g., Bachynsky*, 934 F.2d at 1360 (imperfect advice as to supervised release constitutes harmless error under Fed.R.Crim.P. 11(h) where failure had no material effect on decision to plead guilty). In this connection, we note the relative insignificance of the trial court's misstatement in this case, as well as the absence of an objection when the trial court imposed a five-year supervised release term—two years longer than the maximum stated during the plea hearing.

10. *United States v. Corbett*, 742 F.2d 173, 176 n. 7 (5th Cir.1984) (trial court's inquiry need not use precise "apart from the plea agreement" language in order to satisfy Fed.R.Crim.P. 11(d)) (citing *Barrientos v. United States*, 668 F.2d 838 (5th Cir.1982)). Gracia also asserts that his "yes" and "no" answers to the trial court's inquiries during the plea colloquy resulted from prompting by his attorney, rather than from his own free will, and thus did not indicate the voluntariness of his plea. This assertion does not persuade. By accepting the guilty plea, the district court implicitly found that Gracia answered its questions during rearraignment of his own volition. *See Dayton; cf. Corbett*

## 2. *Voluntariness of the Plea*

■ Gracia next contends that his reliance upon misinformation from both prosecution and defense counsel about the likely period of incarceration rendered his guilty plea involuntary. He claims that both the prosecutor and defense counsel told him that if he pleaded guilty he would be sentenced to 120 months. This is not a sufficient basis to set aside a guilty plea where, as here, the trial court properly advised the defendant about the possible maximum penalty.[11]

## 3. *Validity of U.S.S.G. § 1B1.3*

■ For the first time on appeal, Gracia claims that because the Sentencing Commission exceeded its statutory authority in enacting U.S.S.G. § 1B1.3,[12] and because of the Supreme Court's holding in *Hughey v. United States*,[13] the district court erroneously sentenced on the basis of relevant conduct not constituting part of the offense

of conviction. We do not agree. In *United States v. Thomas*,[14] we addressed the question of *Hughey's* effect on sentencing under section 1B1.3. Although we have not before squarely addressed the statutory point, we now hold, consistent with dictum in *Thomas*[15] and the holdings of our colleagues in other circuits,[16] that 28 U.S.C. § 994(c)(2)[17] provides statutory authority for U.S.S.G. § 1B1.3.

## 4. *Sentencing Information*

■ Gracia claims that the district court improperly relied on a presentence report containing inaccurate information, resulting in a sentence computed on the basis of conduct involving 3000 kilograms of marihuana.[18] While Gracia objected at sentencing to the quantity used in the PSR, he failed to present evidence to rebut the information underlying those calculations. Presentence reports generally bear indicia of reliability sufficient to permit reliance thereon at sentencing;[19] this case, involv-

(acceptance of guilty plea constitutes implicit finding that secret promises did not produce plea). We are not wont to disturb this implicit finding, based as it is on the district court's superior ability to observe the conduct of both Gracia and his counsel during the plea colloquy.

**11.** *See United States v. Kinder,* 946 F.2d 362 (5th Cir.1991) (alleged misrepresentation by prosecutor did not vitiate guilty plea), *cert. denied,* — U.S. —, 112 S.Ct. 2290, 119 L.Ed.2d 214 (1992); *United States v. Jones,* 905 F.2d 867, 868 (5th Cir.1990) ("erroneous advice of defense counsel as to the guideline sentence does not constitute a violation of Rule 11").

**12.** In this regard, Gracia argues that the Sentencing Commission lacks authority under the Sentencing Reform Act of 1984 to promulgate guidelines providing for sentencing on the basis of conduct outside the strict confines of a defendant's offense of conviction.

**13.** 495 U.S. 411, 110 S.Ct. 1979, 109 L.Ed.2d 408 (1990) (Victim and Witness Protection Act permits award of restitution only for loss caused by specific conduct forming basis of conviction).

**14.** 932 F.2d 1085 (5th Cir.), *cert. denied,* — U.S. —, 112 S.Ct. 264, 116 L.Ed.2d 217 (1991).

**15.** 932 F.2d at 1089 (dictum).

**16.** *United States v. Galloway,* 976 F.2d 414, 419–21 (8th Cir.1992) (*en banc*), *cert. filed,* No. 92–6911 (Dec. 12, 1992); *United States v. Davern,*

970 F.2d 1490 (6th Cir.1992) (*en banc*), *cert. filed,* No. 92–6340 (Oct. 19, 1992); *see also United States v. Ebbole,* 917 F.2d 1495 (7th Cir.1990) (rejecting statutory challenge to section 1B1.3).

**17.** Section 994(c)(2) expressly directs the Commission to consider, in promulgating guidelines for offenses, "the circumstances under which the offense was committed which mitigate or aggravate the seriousness of the offense."

**18.** Gracia suggests that the probation officer's mistaken belief that he had pleaded guilty to a marihuana conspiracy involving more than 1000 kilograms, rather than to a conspiracy involving more than 50 kilograms, produced a report estimating the amount of marihuana involved in his offense at over 7000 kilograms. This contention, however, misperceives the law. The Sentencing Guidelines punish offenders by reference to the amounts of controlled substances involved in the offense, rather than by reference to the amounts alleged in the indictment or to which the defendant pleaded guilty. *See* U.S.S.G. § 2D1.1 comment 12; *United States v. Vela,* 927 F.2d 197 (5th Cir.), *cert. denied,* — U.S. —, 112 S.Ct. 214, 116 L.Ed.2d 172 (1991). Thus, the drug amounts estimated in the PSR could not have resulted from any misapprehension of the probation officer in this regard.

**19.** *E.g., United States v. Alfaro,* 919 F.2d 962 (5th Cir.1990).

ing a report based on the results of the DEA investigation, is no exception.[20] A defendant challenging information presented at sentencing bears the burden of demonstrating its untruth, inaccuracy, or unreliability.[21] In the absence of rebuttal evidence from Gracia, the trial court correctly relied on the PSR in tallying the amount of marihuana involved in this case.[22]

### 5. *The Sentence Imposed*

█ Gracia correctly maintains that the district court exceeded the statutory maximum in imposing a five-year term of supervised release. As 21 U.S.C. § 841(b)(1)(C) provides for a maximum of 20 years imprisonment, violation of that statute constitutes a class "C" felony [23] and carries a maximum supervised release term of three years.[24] Because 21 U.S.C. § 841(b)(1)(C) requires a minimum of three years supervised release, however, there is no need for a new sentencing proceeding. In the interest of judicial economy, we will merely modify the district court's judgment to impose the statutorily mandated three-year term of supervised release.

### 6. *Remaining Claims*

In the absence of an adequate record against which to assess Gracia's ineffective assistance of counsel claims, we cannot now reach them.[25] We find his remaining assignments of error without merit.[26]

The sentence of the district court is MODIFIED to impose a three-year term of supervised release, a term which is both the statutory minimum and statutory maximum. As so modified, the judgment of conviction and the sentence imposed is AFFIRMED and the matter is returned to the district court for correction of the judgment and commitment order.

---

**20.** *United States v. Chavez,* 947 F.2d 742 (5th Cir.1991) (report sufficiently reliable where based on coconspirator's debriefing statements to DEA agents, which DEA agents credited and which were consistent with facts known to DEA); *Vela* (presentence report based on police investigation sufficiently reliable) (citing *United States v. Marshall,* 910 F.2d 1241 (5th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 976, 112 L.Ed.2d 1061 (1991)).

**21.** *E.g., United States v. Angulo,* 927 F.2d 202 (5th Cir.1991). The trial court, however, is free to ignore a defendant's unsworn assertions about the falsehood or unreliability of information in the presentence report. *See Chavez; Alfaro.*

**22.** *United States v. Mir,* 919 F.2d 940 (5th Cir. 1990) (district court free to accept facts as set forth in presentence report where defendant fails to submit rebuttal evidence) (citing *United States v. Mueller,* 902 F.2d 336 (5th Cir.1990)).

**23.** *18 U.S.C. § 3559(a).*

**24.** *18 U.S.C. § 3583(b)(2).*

**25.** *See, e.g., United States v. Higdon,* 832 F.2d 312, 313–14 (5th Cir.1987) (absence at trial of opportunity to develop a record on the merits of ineffective assistance of counsel claims precludes their resolution on direct appeal in all but rare cases), *cert. denied,* 484 U.S. 1075, 108 S.Ct. 1051, 98 L.Ed.2d 1013 (1988).

**26.** Gracia asserts that the district court failed accurately to advise him at rearraignment of his minimum and maximum exposure to penalties other than supervised release; that the district court violated Fed.R.Crim.P. 11(c)(3) by failing to advise him of his right to plead "not guilty," of the privilege against self-incrimination, and of the nonbinding nature of any government recommendation as to sentencing; that the district court accepted his plea bargain with the government before receiving the presentence report in violation of U.S.S.G. § 6B1.1(b) and Fed. R.Crim.P. 11(e)(2); that he suffered prejudice flowing from inaccuracies as to the maximum potential term of incarceration and erroneous citation to statutes in the PSR; and that the district court did not abide by the plea agreement when it sentenced him on the basis of conduct involving more than 3000 kilograms of marihuana.