UNITED STATES COURT OF APPEALS

FIFTH CIRCUIT

_____

No. 93-7187
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LONNIE CALDWELL and
JAMES PHILLIPS,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Northern District of Mississippi
_____

(March 4, 1994)

Before HIGGINBOTHAM and DUHÉ, Circuit Judges, and LITTLE,[*] District
Judge.

LITTLE, District Judge:

Defendants-appellants Lonnie Caldwell and James Phillips were
found guilty in the Northern District of Mississippi of conspiring
to distribute marijuana.  The United States District Court for the
Northern District of Mississippi found that venue was not in issue
insofar as Lonnie Caldwell had made numerous telephone calls in
furtherance of the conspiracy to the residence of a Larry Fulgham,
who lived in the Northern District of Mississippi.  The appellants
appeal their convictions on grounds that the trial judge

_____

[*] District Judge of the Western District of Louisiana, sitting by designation.

incorrectly ruled that venue was proper, erroneously denied objections concerning the admissibility of a co-conspirator's statement, and improperly denied the appellants' request for a jury determination on the issue of venue. For the reasons that follow, we affirm the rulings of the district court.

## I.

In early December of 1990, Larry Fulgham received a telephone call from Lonnie Caldwell. As a consequence of this conversation, Fulgham agreed to meet Caldwell in Leesville, Louisiana, where he was recruited into an organization that smuggled marijuana out of Mexico and into Texas, Louisiana, Indiana, and Kentucky, among other places. A plan was formulated whereby Caldwell would call Fulgham at his residence in Choctaw County, located in the Northern District of Mississippi, and leave instructions on where Fulgham was to go to pick up a load of marijuana. Fulgham would then travel to the designated location, acquire the substance, and haul it to the ultimate destination, typically Kentucky. James Phillips participated in the organization by helping grow and deliver the contraband.

The conspiracy came to an end on 6 February 1991, when Fulgham contacted the Vicksburg, Mississippi Police Department and confessed that he was part of a marijuana distribution business and that he had hauled marijuana from Texas and Louisiana to Kentucky on four or five occasions. Fulgham agreed to cooperate with law enforcement officials in return for immunity from prosecution.

2

Acting as a government informant, Fulgham called Caldwell from Mississippi numerous times in an attempt to induce Caldwell to make a sale in Mississippi. Caldwell could not be persuaded, although he did consent to organizing a sale in Dallas, Texas. With the help of Fulgham, a "buy-bust" operation was conducted in Dallas, at which time the appellants were arrested and indicted for conspiracy to distribute and to possess with the intent to distribute marijuana.

At trial, the district judge took judicial notice of the fact that Choctaw County is located in the Northern District of Mississippi. Evidence was presented by the government that the phone calls placed by Caldwell to Fulgham's home in Choctaw County were made in furtherance of the conspiracy. At the close of the government's case, the defense moved for an acquittal. The court denied the motion, having found that statements made by Caldwell during telephone conversations with Fulgham were made in furtherance of the conspiracy and were sufficient to establish venue in the Northern District. It is in regard to these findings that the appellants have placed their primary reliance in the appeal to this court.

## II.

Appellant James Phillips argues that the trial court erred in admitting into evidence tape recorded statements of co-conspirator Lonnie Caldwell for purposes of implicating Phillips in the conspiracy. The court finds no merit in this contention. The

3

record reveals that the district court acted well within its discretion when it accepted the conversations into evidence for purposes of proving Phillips' involvement with the conspiracy. See Bourjaily v. United States, 483 U.S. 171 (1987); United States v. James, 590 F.2d 575 (5th Cir.), cert. denied, 442 U.S. 917 (1979).

Next, the appellants contend that the district court improperly predicated venue on the existence of the Caldwell-Fulgham telephone calls. This argument is also without merit. In cases involving conspiracy offenses, venue is proper in any district where the agreement was formed or an overt act occurred. United States v. Winship, 724 F.2d 1116, 1125 (5th Cir. 1984); United States v. Pozos, 697 F.2d 1238, 1244 (5th Cir. 1983). The Supreme Court has upheld the application of this rule, even where it permits trial against defendants in a district they never even set foot in prior to trial. See Hyde v. United States, 225 U.S. 347, 362 (1912); Winship, 724 F.2d at 1125.

In this case, Larry Fulgham testified that he received telephone calls from Lonnie Caldwell at his residence in Choctaw County instructing him to pick up marijuana for delivery to various locations. This testimony was corroborated by numerous conversations between the two men that were taped by the government. Telephone calls to a particular destination containing detailed pick-up and drop-off instructions are certainly overt acts made in furtherance of the conspiracy. See United States v. Nicoll, 664 F.2d 1308, 1311 (5th Cir.), cert. denied, 457 U.S. 1118

4

(1982); <u>United States v. Strickland</u>, 493 F.2d 182, 187 (5th Cir.), <u>cert.</u> <u>dismissed</u>, 419 U.S. 801 (1974). As such, it was not in error for the trial judge to find venue in the district in which the calls were received. <u>See</u> <u>United States v. Barnes</u>, 681 F.2d 717, 724 (11th Cir.), <u>reh'g</u> <u>denied</u>, 694 F.2d 233 (11th Cir. 1982), <u>cert.</u> <u>denied</u>, 460 U.S. 1046 (1983) (drug trafficking crime "is `committed' for venue purposes both in the district where the call was made and in the district where the call was received."); <u>see</u> <u>also</u> <u>United States v. Lewis</u>, 676 F.2d 508, 511 (11th Cir.), <u>cert.</u> <u>denied</u>, 459 U.S. 976 (1982).

Finally, the appellants assert that the trial court's ruling upon venue as a matter of law and corresponding denial of the appellants' jury instruction concerning venue constitutes reversible error. For a third time, we disagree.

As stated by this circuit in <u>United States v. White</u>, 611 F.2d 531, 536-37 (5th Cir.), <u>cert.</u> <u>denied</u>, 446 U.S. 992 (1980), "failure to instruct on venue is reversible error when trial testimony puts venue in issue and the defendant requests the instruction." (citing <u>Green v. United States</u>, 309 F.2d 852, 856-57 (5th Cir. 1962)). In that case, we declined to rule that a trial court's failure to instruct the jury on venue would constitute reversible error in all cases. <u>Id.</u> at 537. Rather, the critical factor to be analyzed in determining whether the district court committed reversible error is whether the testimony at trial puts venue in issue. We use as a guide the analogous case of <u>Winship</u>, in which

the defendants' timely request for a jury instruction on venue was denied. On appeal, this court found that the evidence of overt acts in furtherance of a conspiracy in the Western District of Louisiana was overwhelming. In the absence of contradictory evidence, it was concluded that venue was not an issue within the meaning of White and Green. 724 F.2d at 1125. Along these same lines, we find that the evidence presented in this case regarding the existence of venue in the Northern District of Mississippi is of sufficient weight to conclude that venue was not in issue. We arrive at this determination upon reviewing the record, which reveals that the government presented evidence indicating telephone conversations made in furtherance of the conspiracy in the relevant jurisdiction. There was no other testimony controverting either the admissibility or the truthfulness of that evidence. The appellant's case therefore falls beyond the protection afforded by White and Green and renders harmless the trial court's reluctance to instruct the jury on venue.[1]

### III.

For the foregoing reasons, we conclude that the district court did not err in finding the existence of a conspiracy and admitting relevant evidence against appellant Phillips; neither do we find an

---

[1] As we stated Winship, 724 F.2d at 1126 n.13, "[w]hen a venue instruction is requested, the burden of giving an instruction weighs lightly against the value of safeguarding venue rights. The better procedure is to give the venue instruction when requested, regardless of whether the trial court believes trial testimony has put venue in issue." Thus, while we find the trial court's failure to instruct the jury harmless error in this case, we reaffirm the general principle stated above.

error in the court's finding of venue in the Northern District of Mississippi.  Finally, we hold that the trial court's refusal to instruct the jury on venue constitutes harmless error given the magnitude of evidence eliminating venue as an issue.  Accordingly, the trial court's judgment is AFFIRMED.