REVISED - February 20, 2001

**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 00-40240

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

ROBERTO GUTIERREZ,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas

(L-99-CR-500-1)

February 13, 2001

Before GARWOOD, PARKER and DENNIS, Circuit Judges.

PER CURIAM:[*]

Roberto Gutierrez appeals his conviction after a guilty plea for possession with intent to distribute approximately 180 pounds of marijuana in violation of 21 U.S.C. § 841(b)(1)(C). We affirm.

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

## FACTS AND PROCEDURAL HISTORY

The Government entered into a plea agreement with Gutierrez, agreeing to recommend that he receive a three-level acceptance-of-responsibility decrease to his offense level and that he be sentenced at offense level 21. The presentence report ("PSR") determined that, because of Gutierrez's criminal history, his offense level was 32 under the Sentencing Guidelines' career-offender provision. See U.S.S.G. § 4B1.1(C). With the three-level adjustment for acceptance of responsibility, the PSR recommended that Gutierrez be sentenced at level 29. Gutierrez filed objections requesting a downward departure based on U.S.S.G. § 5K1.1 or a mitigating role adjustment pursuant to U.S.S.G. § 3B1.2.

Gutierrez was sentenced within the Guidelines range for offense level 29 and criminal history category VI (151-188 months). He received a sentence of 156 months' imprisonment, three years' supervised release, and a special assessment of $100. He timely filed a notice of appeal.

## DISCUSSION

Gutierrez argues that his plea was not knowingly and voluntarily entered and that the Government breached the plea agreement. He contends that his plea was based upon the Government's promise that it would make a meaningful recommendation to the court to sentence him for a total offense level of 21.

## A. Rule 11 variances

Gutierrez argues that the failure to admonish him that he could not withdraw his plea if the court did not follow the agreement constituted a FED. R. CRIM. P. 11 violation.  Gutierrez contends that the district court committed other Rule 11 errors when it failed 1) to admonish Gutierrez that the court had to consider the Sentencing Guidelines but that it could depart from them, 2) to inquire whether the plea was voluntary and not the result of threats or promises apart from those in the plea agreement, and 3) to ensure that there was a factual basis for the plea.  Gutierrez maintains the district court's Rule 11 errors were not harmless given the totality of the errors.

Because a guilty plea involves the waiver of several constitutional rights, it must be entered knowingly and voluntarily.  Boykin v. Alabama, 395 U.S. 238, 242-44 (1969).  The voluntariness of a defendant's guilty plea is reviewed de novo.  United States v. Amaya, 111 F.3d 386, 388 (5th Cir. 1997).  Rule 11 sets forth certain procedures for the district court to follow to ensure that a guilty plea is made voluntarily and knowingly.  When the defendant alleges that the district court's compliance with Rule 11 was flawed, this court employs a two-part harmless-error analysis: "(1) [d]id the [district] court in fact vary from the procedures required by Rule 11, and (2) if so, did such variance affect substantial rights of the defendant?"  United States v. Johnson, 1 F.3d 296, 298 (5th Cir. 1993) (en banc); see also United States v. Henry, 113 F.3d 37, 40 (5th Cir.

3

1997).  To evaluate the second prong, this court determines if "the district court's flawed compliance with . . . Rule 11 . . . may reasonably be viewed as having been a material factor affecting [the defendant]'s decision to plead guilty."  Id. at 302 (internal quotation marks and citation omitted).

The district court need not follow a strict Rule 11 script when conducting its colloquy for the plea to be voluntary and knowing.  Henry, 113 F.3d at 42.  "A plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel, must stand unless induced by threats . . . [or] misrepresentation (including unfulfilled or unfulfillable promises). . . ."  Id. at 41 (internal quotation marks and citations omitted).

The district court conducted a plea hearing for Gutierrez and four other defendants.  The district court advised the defendants that they had the right to have an attorney present during all proceedings and that false answers during the hearing could subject them to a perjury charge.  The court ensured that each of the defendants wanted to plead guilty and that each defendant was competent to do so.  The court informed the defendants that they had the right to a jury trial, to cross-examine witnesses, to testify or not to testify, and to call witnesses.  The district court then asked Gutierrez if he was satisfied with his attorney.  Gutierrez responded: "I can't be too satisfied, but I'm going along with the recommendation."

While addressing the other defendants, who were charged with transporting illegal aliens, the district court stated that the maximum penalty was not more than five years' imprisonment and that, although the plea agreement called for a much lower penalty, the court "was not bound by it, but the guidelines do shape the sentence [the court] can issue." The prosecutor then described the maximum sentence for Gutierrez, which was zero to twenty years' imprisonment, a fine of not more than $1,000, a special assessment of $100, and a supervised release term of not more than three years. The district court determined that Gutierrez had signed the plea agreement and gave all the defendants a chance to change their pleas, which none of them did. No further admonishments were given.

The district court did not 1) inform Gutierrez that it was required to consider the Sentencing Guidelines but that it could depart from them; 2) establish that there was a factual basis for the plea; or 3) specifically ask Gutierrez whether the plea was not the result of threats or promises apart from the plea agreement. See Rule 11(c)(1) (requiring admonishment about the Sentencing Guidelines); 11(f) (requiring a factual basis for the plea); 11(d) (requiring determination that plea is voluntary and not forced or induced). Nor did the district court address the terms of the plea agreement; inform Gutierrez that the court was not bound by the agreement; or explain that, if the court did not accept the agreement, Gutierrez could not withdraw his plea. See Rule 11(e)(2) (requiring the disclosure of the agreement on the

5

record and notice to the defendant that, if the court does not accept the agreement, he may not withdraw his plea).

We conclude that the district court varied from the procedures required by Rule 11 and therefore go on to consider whether each of the district court's Rule 11 omissions was harmless error. First, because Gutierrez was sentenced within the Sentencing Guidelines range as calculated in the PSR, informing Gutierrez about the district court's ability to depart from the Guidelines range probably would have had no effect on his desire to plead guilty. Second, although the district court did not specifically ask if Gutierrez was entering his plea free from any threats, inducements, or promises apart from those in the plea agreement, Gutierrez does not indicate that he was threatened or induced by promises other than those in the plea agreement to plead guilty. This Rule 11 omission also probably did not affect his plea.

Third, although the district court did not determine whether there was a factual basis at the plea hearing, Gutierrez explained the details of the offense to the probation officer who prepared the PSR. We have indicated "that evidence adduced after the acceptance of a guilty plea, but before or at sentencing, may provide the factual basis of the plea, and that such evidence may be sufficient to sustain a plea on direct appeal." United States v. Dyer, 136 F.3d 417, 424 n.13 (5th Cir. 1998). We find that Gutierrez's statements describing the offense to the probation

officer before sentencing was a sufficient factual basis for the plea.  See id.

With respect to the district court's failure to inform Gutierrez that the court did not have to accept the plea agreement and that he could not withdraw his plea if such occurred, we note that Gutierrez was present when the court explained to the other defendants that the court was not bound by their plea agreements.  Furthermore, Gutierrez's argument that he pleaded guilty based upon the plea agreement's provision that the Government would recommend an offense level of 21 is largely a claim that he pleaded guilty based upon an expectation of the length of his sentence.  We have held that, when a defendant has been properly informed of the maximum sentence he faced, he may not argue that his plea was involuntary because of "his reliance upon misinformation from both prosecution and defense counsel about the likely period of incarceration."  United States v. Garcia, 983 F.2d 625, 629 (5th Cir. 1993).

Additionally, all of the above-described Rule 11 requirements, including the agreement's nonbinding effect on the court, were addressed in the written plea agreement.  Gutierrez signed the agreement and acknowledged that he signed it at the plea hearing.  While relevant, that does not end our inquiry because the court did not ask whether Gutierrez had read and understood the agreement.  See United States v. Portillo, 18 F.3d 290, 292-93 (5th Cir. 1994) (holding that waiver-of-appeal provision in plea agreement is not enforceable unless the record

reflects, at a minimum, that the defendant has read and understood the agreement).

In United States v. Thibodeaux, 811 F.2d 847, 847-48 (5th Cir. 1987), we held as harmless error the district court's failure to explain that the defendant could not withdraw his plea if the district court did not accept the plea agreement, which contained a recommended sentence. We conclude that the district court's variance from Rule 11 requirements were harmless error in the present case as well. First, Gutierrez was present while the district court explained the non-binding nature of a plea agreement to the other defendants in the same plea hearing. Second, Gutierrez's signature on the plea agreement that contained all the necessary admonitions makes it likely that he had all the information necessary to make an informed decision. Third, the focus of his complaint on appeal is that he entered a guilty plea without realizing that he was subject to the career-offender provisions of the Sentencing Guidelines. Even if the district court had conducted a perfect Rule 11 plea hearing, Gutierrez would not have learned about this issue until after the PSR was prepared. We therefore hold that the Rule 11 violations were harmless error.

## B. Breach of Plea Agreement

When a breach-of-the-plea-agreement issue is raised for the first time on appeal, we review it for plain error. United States v. Cerverizzo, 74 F.3d 629, 631 (5th Cir. 1996). Under FED. R. CRIM. P. 52(b), we may correct forfeited errors only when

8

the appellant shows that there was an error, which was clear or obvious, and which affected his substantial rights. United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc) (citing United States v. Olano, 507 U.S. 725, 730-36 (1993)). If these factors are established, the decision to correct the forfeited error is within our discretion, and we will not exercise that discretion unless the error seriously affects the fairness, integrity, or public reputation of the judicial proceedings. Olano, 507 U.S. at 736.

At the sentencing hearing and in his objections to the PSR, Gutierrez argued that being sentenced at level 29, when the prosecutor had promised to recommend that he be sentenced at level 21, constituted an excessive punishment in violation of the Eighth Amendment. He did not argue that the plea agreement had been breached. We thus review this issue for plain error.

"[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." Santobello v. New York, 404 U.S. 257, 262 (1971). To assess whether a plea agreement has been violated, we consider "whether the government's conduct is consistent with the defendant's reasonable understanding of the agreement." United States v. Cantu, 185 F.3d 298, 304 (5th Cir. 1999) (internal quotation marks and citation omitted).

The prosecutor, while addressing Gutierrez's Eighth Amendment argument, stated that, although the Government agreed

9

to recommend that Gutierrez be sentenced at level 21, the prosecutor was "unaware [at the time the Government entered the plea agreement] of the full extent of the criminal history, . . . did not realize he would qualify for the enhancement in Section 4B," and did not believe that the enhancement was discretionary.[2] The prosecutor noted that she believed the PSR, with its recommendation of level 29, was correct, but stated that, "we are bound by our recommendation in the plea agreement. And so we're in sort of an awkward position of saying, '[w]e must recommend a Level 21, based on the plea agreement.'"

The prosecutor then noted that, because Gutierrez was three points over the minimum required for criminal history category VI, she could have asked for an upward departure. The court and the prosecutor also noted that an offense level of 21 was not available at the time of the plea agreement given that Gutierrez had to be sentenced as a career offender.

In two direct appeals in which the Government argued a position at sentencing which was in direct conflict with the plea agreement, we determined that the Government had breached the plea agreement and, in one case, that the breach amounted to plain error. See United States v. Valencia, 985 F.2d 758, 760-61

_____

[2]The prosecutor advised the court at sentencing, "[w]e just didn't have all the information to verify that he was going to qualify for a criminal – as a career criminal" but did not offer any explanation as to why she did not ascertain the extent of Gutierrez's criminal history until the PSR was prepared. The Government does not argue that Gutierrez bore any fault in the Government's failure to take his criminal history into account during the plea negotiations.

10

(5th Cir. 1993); United States v. Goldfaden, 959 F.2d 1324, 1328-1329 (5th Cir. 1992).  In Valencia, the Government stipulated in the plea agreement that the defendant had accepted responsibility for his actions in the plea agreement, but at sentencing argued that the defendant did not demonstrate remorse and was not entitled to any credit for acceptance of responsibility. Valencia, 985 F.2d at 760.  The defendant immediately objected that the Government had breached the plea agreement.  Id.  The court determined that the Government argued the opposite of its position in the plea agreement in plain violation of the language of the plea agreement and that the error was not harmless.  Id. at 761.

In Goldfaden, the Government had agreed to make no recommendation as to the defendant's sentence; however, at the sentencing hearing, the Government argued that certain Guidelines provisions were applicable.  Goldfaden, 959 F.2d at 1328-29. Under plain-error review, we determined that the Government's recommendations about Guidelines levels were the same as recommendations about the defendant's sentence.  Id. at 1328-29.

Much like Goldfaden, wherein the prosecutor sought to distinguish between making a sentencing recommendation and a recommendation of what Guidelines provisions applied, the prosecutor here initially recommended that Gutierrez be sentenced at level 21, but went on to argue that the district court was precluded from following that recommendation and was required to sentence Gutierrez at level 29 because the career offender

11

provisions of the Sentencing Guidelines are mandatory.  <u>See</u> U.S.S.G. § 4B1.1; <u>see</u> <u>also</u> <u>Goldfaden</u>, 959 F.2d at 1328-29. Moreover, the prosecutor discussed the court's option to depart upward based on Gutierrez's criminal history points.

We conclude that the Government breached the plea agreement and that the breach amounts to plain error.  The Government's violation of commitments made to Gutierrez in the plea agreement may have resulted from sloppy preparation or a disingenuous prosecutor.  Either way, such a breach affects the fairness, integrity, and public reputation of the judicial proceedings. <u>Olano</u>, 507 U.S. at 736.  However, Gutierrez's criminal history is not in dispute and it would be a waste of judicial resources to remand this case for resentencing, given the mandatory nature of the Guidelines provision in question.  We therefore decline to correct the plain error in this case.

## CONCLUSION

Based on the foregoing, we affirm Gutierrez's conviction and sentence.

AFFIRMED.

12