IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-51262
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PATRICIA TEALER,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
1:01-CR-124-ALL-SS
--------------------
October 9, 2002

Before HIGGINBOTHAM, DAVIS, and WIENER, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Patricia Tealer appeals her guilty-plea conviction for possession with intent to distribute cocaine base. Tealer contends that her counsel misinformed her of the sentence she would receive following her guilty plea, constituting ineffective assistance, and that in turn this misinformation rendered her plea involuntary. Tealer asserts further that

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

substitute counsel was also ineffective in failing to file a motion to withdraw her plea because of prior counsel's ineffectiveness.

Generally, a Sixth Amendment claim of ineffective assistance of counsel may not be raised on direct appeal unless the district court has addressed the issue. United States v. Scott, 159 F.3d 916, 924 (5th Cir. 1998). If the defendant raises such a claim for the first time on appeal, we shall reach the merits only when the record is sufficiently developed to permit a fair evaluation of the defendant's allegations. United States v. Higdon, 832 F.2d 312, 313-14 (5th Cir. 1987). In this case, the record is sufficiently developed for us to address Tealer's ineffective-assistance-of-counsel claims, which we do.

To prevail on a claim of ineffective assistance of counsel, the defendant must show that (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). The two-part Strickland test applies when a guilty plea is challenged on the basis of ineffective assistance of counsel. Hill v. Lockhart, 474 U.S. 52, 58 (1985).

A guilty plea must be knowing, voluntary, and intelligent. Hobbs v. Blackburn, 752 F.2d 1079, 1081 (5th Cir. 1985). Before accepting a guilty plea, a trial court must ascertain that the defendant "has a full understanding of what the plea connotes and of its consequence." Boykin v. Alabama, 395 U.S. 238, 244 (1969). In a post-plea situation, the defendant bears the burden of

establishing the invalidity of his guilty plea. <u>Bonvillain v. Blackburn</u>, 780 F.2d 1248, 1251 (5th Cir. 1986).

A review of the instant record establishes that Tealer was properly advised of the applicable punishment range and that her sentence would be determined in accordance with the Sentencing Guidelines. The record also reveals that she had reviewed and understood her plea agreement. Nothing in the record suggests that her counsel was ineffective, so Tealer's plea cannot be found to have been involuntary on that score. Furthermore, even if Tealer's attorney had misadvised her regarding her likely sentence, that is not the kind of mistake that can vitiate a guilty plea. <u>See</u> <u>United States v. Gracia</u>, 983 F.2d 625, 629 (5th Cir. 1993)(contention that defense counsel misinformed defendant about likely sentence is not sufficient to set aside guilty plea when the trial court properly advised the defendant regarding the possible maximum sentence).

As there is no basis for concluding that Tealer's plea was involuntary, her substitute counsel could not have failed to provide effective assistance by not filing a motion to have Tealer's plea withdrawn. <u>See</u> <u>Koch v. Puckett</u>, 907 F.2d 524, 527 (5th Cir. 1990) (in context of ineffective assistance claim, counsel is not required to make futile motions or objections). Accordingly, Tealer's conviction based on her guilty plea is AFFIRMED.

S:\OPINIONS\UNPUB\01\01-51262.0.wpd
4/29/04  7:13 pm