# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 26, 2009

Charles R. Fulbruge III
Clerk

No. 07-40990

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

VAN TRIEU NGUYEN; LINH KY DUONG

Defendants-Appellants

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:07-CR-2-8

Before JONES, Chief Judge, and WIENER and STEWART,  Circuit Judges.

EDITH H. JONES, Chief Judge:[*]

Linh Ky Duong and Van Trieu Nguyen appeal their convictions and sentences for conspiracy and possession with intent to distribute 3,4 Methylenedioxy-methamphetamine ("MDMA" or "ecstasy") and cocaine. For the reasons stated below, we AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I. BACKGROUND

In 2006, undercover law enforcement officers investigated an MDMA ring operating around Dallas, Texas. Duong supplied to an undercover agent and confidential source 1,002, 998, and 522 ecstasy tablets on separate occasions. Based on these transactions, DEA agents obtained a Title III order allowing them to monitor Duong's phone for thirty days. During that time, the agents overheard calls indicating to them that Duong was going to purchase 15,000 tablets. The agents then witnessed a transaction in Dallas where they believed the tablets were delivered. Agents intercepted another call indicating that Duong would be purchasing 5,000 to 10,000 tablets. They observed a meeting in Arlington where Duong returned to his car with a box. The supplier and co-defendant, Tho Tieu, later testified that she had delivered ecstasy tablets to Duong on that occasion. Duong was seen delivering tablets to another co-defendant the next day who was shortly thereafter arrested in possession of 1,000 tablets.

Following the return of the original indictment against Duong and others, officers served an arrest warrant for Tho Tieu at her residence at 711 West Milton, Arlington, Texas. During a protective sweep of the house, Nguyen was found in the master bedroom. He was brought to a front room. Nevertheless, while the officers were searching the house, Nguyen was again found in the master bedroom next to a baby crib that had a baby carrier in it. Two firearms were found under the lining of the baby carrier. Various drug paraphernalia were also found in the master bathroom. Documents bearing Nguyen's name, including a plane ticket to Ottawa and Canadian immigration paperwork, were found in a suitcase in the master bedroom closet. In the garage, officers found 26 kilograms of cocaine and more documents with Nguyen's name in a Lexus. Nguyen's fingerprint was later identified on the tape wrapping one of the packages of cocaine.

A superseding indictment and arrest warrant issued to include Nguyen and the cocaine. The second search of the 711 West Milton residence turned up 732 ecstasy tablets. Drug paraphernalia were again found in the master bathroom. A DEA chemist confirmed the presence of cocaine in the washer and dryer area, on a shelf in the master bedroom closet, on the paraphernalia in the bathroom, and in two vehicles in the garage. A large amount of cash was found in a closet.

A jury convicted Duong and Nguyen of conspiracy to distribute and possess with intent to distribute MDMA and cocaine. The jury found Duong responsible for 23,522 tablets and Nguyen responsible for 732 tablets and at least five kilos of cocaine. Duong was sentenced to 170 months and Nguyen to 188 months of incarceration. They appeal their convictions and sentences.

## II. DISCUSSION

A. Duong and Nguyen first contend that there is insufficient evidence to sustain their convictions. We will not disturb a jury's verdict if "the evidence, when reviewed in the light most favorable to the government with all reasonable inferences and credibility choices made in support of a conviction, allows a rational fact finder to find every element of the offense beyond a reasonable doubt." *United States v. Redd*, 355 F.3d 866, 872 (5th Cir. 2003) (quoting *United States v. Harris*, 293 F.3d 863, 869 (5th Cir. 2002)).

Duong argues that there is insufficient evidence to establish that he participated in transactions involving 23,522 tablets. The Government relied on two wire intercepts between Duong and a co-defendant as evidence that Duong picked up 15,000 tablets in one transaction. The tablets were not seized. In the first intercept, Duong is told to "get 15 from Nam's side. . .three different kinds . . .five, five" and later "it's five, five, five, five." The extra "five" was described as a misnomer. For a separate transaction, the Government estimated that Duong traded 5,000 to 10,000 tablets based on an intercept in which Duong

asked whether the number of tablets is "five or ten" and Tieu responded, "That much or less." These tablets were also not seized.

The jury heard extensive testimony from DEA Special Agent Keith Olson who believed that the intercepted conversations were referring to 15,000 tablets for the first transaction and 5,000 to 10,000 for the second transaction. Although not qualified as an expert, Special Agent Olson's extensive participation in the investigation "allowed him to form opinions concerning the meaning of certain code words used in this drug ring based on his personal perceptions." *United States v. Miranda*, 248 F.3d 434, 441 (5th Cir. 2001).

Duong offers alternative plausible explanations for the intercepted conversations, which could have led a reasonable jury to believe that less ecstasy was involved in these transactions. Regardless, this court reviews the jury's verdict only to determine whether it was reasonable, not whether it was correct. *United States v. Williams*, 264 F.3d 561, 576 (5th Cir. 2001). Based on Special Agent Olson's testimony, the intercepts, and the evidence of 3,522 tablets exchanged in other deals, a reasonable jury could find that Duong was responsible for 23,522 ecstasy tablets.

Nguyen contends that the evidence presented by the Government was insufficient to allow a reasonable jury to find that he was part of the conspiracy. To convict Nguyen, the Government had to prove that a conspiracy existed, that Nguyen knew about it, and that he joined and voluntarily participated in it. *United States v. Garcia*, 86 F.3d 394, 398 (5th Cir. 1996). Circumstantial evidence of these elements suffices. Nguyen concedes that he was staying at Tieu's house but argues that he was not involved in the conspiracy and that "the government may not prove a conspiracy merely by presenting evidence placing the defendant in a climate of activity that reeks of something foul." *United States v. Maltos*, 985 F.2d 743, 746 (5th Cir. 1992) (internal quotation omitted).

Nguyen had been staying at the 711 West Milton residence in Arlington, Texas, for at least a week before the first search of the home and continued to reside there until the second search occurred. During both searches, drug paraphernalia were found in the master bedroom and bathroom that he occupied. Nguyen's confirmed fingerprint was found on the tape that wrapped one of 26 kilograms of cocaine found in the Lexus that he and Tieu both drove. Tieu testified that Nam Ngo, another co-defendant, introduced her to Nguyen and that she overheard Nguyen and Nam Ngo discussing the trading of powder cocaine for MDMA tablets in Canada. She also testified that the 26 kilograms of cocaine found in the back of the vehicle in the garage might have belonged to both Nam Ngo and Nguyen. Although mere presence and association with co-conspirators are insufficient to support a conviction for conspiracy, *see United States v. Sacerio*, 952 F.2d 860, 865 (5th Cir. 1992), there is certainly more than mere presence in this case. A reasonable jury could rely on Tieu's testimony and the significant circumstantial evidence to find that Nguyen was a member of the conspiracy.

B.    Nguyen next argues that the district court erred when it allowed the Government to introduce evidence of Nguyen's trip to Canada, testimony on the practice of drug trafficking between the United States and Canada, and evidence from the search of the residence at 711 West Milton. Evidentiary rulings are generally reviewed for abuse of discretion and are subject to harmless error review when properly objected to in the district court. *United States v. Williams*, 957 F.2d 1238, 1240-41 (5th Cir. 1992). If error is not properly preserved, this court reviews such rulings only for plain error. *United States v. Jimenez*, 256 F.3d 330, 340 (5th Cir. 2001).

The Government introduced a Canadian flight itinerary in Nguyen's name and immigration paperwork for Canadian travel bearing Nguyen's name. Nguyen objected to both exhibits. He argues that the evidence was unfairly

prejudicial and that the district court erred under FED. R. EVID. 403 because it allowed "concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *Old Chief v. United States*, 519 U.S. 172, 180 (1997). Proof of travel to Canada, however, is not prejudicial on its own. Evidence of this trip would not lure the jury into finding Nguyen guilty out of a prejudice against those who travel to Canada. If the evidence is prejudicial, it is prejudicial—as in most damaging—because of its relevance to the case.

The Government also solicited testimony from Special Agent Olson about the recent pattern in trafficking of trading powder cocaine from the United States for ecstasy pills in Canada. Nguyen did not object to the introduction of this testimony at trial, requiring our review of the admission of the testimony for plain error. *See United States v. Jimenez*, 256 F.3d 330, 340 (5th Cir. 2001). This court has held that "an experienced narcotics agent may testify about the significance of certain conduct or methods of operation unique to the drug distribution business." *United States v. Washington*, 44 F.3d 1271, 1283 (5th Cir. 1995). While a timely objection to this testimony might have resulted in the exclusion of some of Agent Olson's testimony, we cannot say that plain error occurred. In any event, such error would be harmless in light of the totality of evidence against Nguyen.

Nguyen also claims that the district court erroneously admitted into evidence two firearms and drug paraphernalia confiscated during the search of the 711 West Milton residence. He argues that the evidence was highly prejudicial and not probative because it constituted inadmissible evidence of extraneous misconduct. If this were evidence of extrinsic misconduct, it would have to be relevant to an issue other than the defendant's character and would have to possess probative value that is not outweighed by its possible prejudice.

*See United States v. Bentley-Smith*, 2 F.3d 1368, 1377 & n.11 (5th Cir. 1993). Nguyen's premise is, however, incorrect.

Firearms are considered "tools of the trade" in drug trafficking offenses and are relevant intrinsic proof of an ongoing conspiracy. *See United States v. Garza*, 118 F.3d 278, 285 (5th Cir. 1997). This court recently reiterated this conclusion in a drug trafficking case where the amount and street value of the drugs made the possession of firearms foreseeable. *See United States v. Cisneros-Gutierrez*, 517 F.3d 751, 766 (5th Cir. 2008). In this case, Nguyen was standing near the baby crib where the guns were secreted, and Tieu testified that Nguyen told her that a friend had given him the guns.

This court has also held that "[e]vidence of [the defendant's] personal use of cocaine . . . was not extrinsic evidence; it was 'inextricably intertwined with the evidence used to prove the crime charged, [and] is admissible so that the jury may evaluate all of the circumstances under which the defendant acted.'" *United States v. Maceo*, 947 F.2d 1191, 1199 (5th Cir. 1991) (quoting *United States v. Randall*, 887 F.2d 1262, 1268 (5th Cir. 1989)). Thus, both the firearms and drug paraphernalia are admissible, intrinsic evidence supporting Nguyen's knowledge of and participation in the conspiracy.

C.     Duong contends that the Government failed to establish that venue was proper in the Eastern District of Texas. This court reviews a finding of proper venue for abuse of discretion. *United States v. Lipscomb*, 299 F.3d 303, 338 (5th Cir. 2002). Duong concedes that a drug transaction occurred in Lewisville, Texas, which is located in the Eastern District of Texas. Venue in a criminal conspiracy case is "proper in any district where the agreement was formed or an overt act occurred . . . even where it permits trial against defendants in a district they never even set foot in prior to trial." *United States v. Caldwell*, 16 F.3d 623, 624 (5th Cir. 1994) (internal citations omitted). This contention is meritless.

D.     Finally, Nguyen and Duong appeal their sentences.  This court reviews the district court's factual findings pertaining to a sentence for clear error.  *See United States v. Cooper*, 274 F.3d 230, 245 (5th Cir. 2001).

Duong argues that the district court used an inflated average weight of MDMA tablets to determine his sentence under the sentencing guidelines.  The Guidelines set the typical weight of an MDMA tablet at 250mg.  U.S.S.G. § 2D1.1, n.11.  In this case, the Government weighed 3,553 of the 23,522 tablets and found the average weight to be 263 mg.  The district court used this average instead of the typical weight for sentencing purposes.

Duong urges that weighing only fifteen percent of the tablets does not yield  sufficiently reliable evidence to support the district court's finding under U.S.S.G. § 2D1.1, n.11.  The Note, however, requires a court to deviate from the table of typical weights if it finds more reliable evidence.  *Id.*  ("Do not use this table if any more reliable estimate of the total weight is available from case-specific information.")  Duong also cites *United States v. Sims*, 975 F.2d 1225, 1243 (6th Cir. 1992) for the proposition that the court should err on the side of caution when estimating the quantity of drugs.  *Sims* holds that "when choosing between a number of plausible estimates of drug quantity, none of which is more likely than not the correct quantity, a court must err on the side of caution."  *Id.*  *Sims* would not apply where, as here, there are not two equally plausible estimates, but one estimate based on case-specific weights and the other merely a hypothetical typical weight provided by the Guidelines.  Finally, we reiterate that a "district court may consider estimates of the quantity of drugs for sentencing purposes . . . [and] may extrapolate the quantity from 'any information that has sufficient indicia of reliability to support its probable accuracy, including a probation officer's testimony, a policeman's approximation of unrecovered drugs, and even hearsay.'"  *United States v. Valdez*, 453 F.3d 252, 267 (5th Cir. 2006) (*quoting United States v. Alford*, 142 F.3d 825, 832 (5th Cir.

1998) (internal quotations omitted)). The district court did not err in calculating Duong's sentence.

Nguyen contests the two-level sentence enhancement applied for his possession of a dangerous weapon under U.S.S.G § 2D1.1(b)(1). To apply this enhancement, the district court must find by a preponderance of the evidence that "the defendant personally possessed the weapon" and that "a temporal and spatial relation existed between the weapon, the drug trafficking activity, and the defendant." *United States v. Hooten*, 942 F.2d 878, 882 (5th Cir. 1991). The dispositive factor is "accessibility of the weapon to the defendant" unless "it is clearly improbable that the weapon was connected to the offense." *United States v. Rodriguez*, 62 F.3d 723, 724-25 (5th Cir. 1995). Tieu's testimony, Nguyen's presence next to the crib when the police found him, and the firearms' proximity to the drug paraphernalia allowed the court to infer that the guns were connected to Nguyen's drug trafficking. At a minimum, the finding was not clearly erroneous.

## III. CONCLUSION

For the foregoing reasons, the judgments and sentences imposed by the district court are **AFFIRMED**.