# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 4, 2010

Lyle W. Cayce
Clerk

No. 09-50627
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ESTEBAN IBARRA, JR., also known as Taz,,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:08-CR-834-1

Before BENAVIDES, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Esteban Ibarra, Jr., appeals the sentence imposed following his guilty plea to conspiracy to possess with intent to distribute marijuana. Ibarra argues that the district court clearly erred in determining the drug quantity for which he was responsible because that quantity was based on the uncorroborated statements of himself and his co-conspirators and, hence, was unreliable.

Ibarra's post-arrest statements to law enforcement were detailed, were not "bal[d] [or] conclusionary," and were deemed credible by the district court. *See*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*United States v. Narviz-Guerra*, 148 F.3d 530, 537 (5th Cir. 1998) (internal quotation marks and citation omitted). The district court found that at least one marijuana load described by Ibarra had been corroborated by a co-conspirator that the court had previously sentenced and, additionally, that Ibarra's post-arrest statements corroborated the statements his co-conspirators gave to law enforcement. Ibarra produced no evidence in rebuttal that the information he disclosed to law enforcement was "materially untrue, inaccurate or unreliable," *United States v. Taylor*, 277 F.3d 721, 724 (5th Cir. 2001), and his objection to the drug quantity calculation was alone insufficient to serve as competent rebuttal evidence. *See United States v. Lowder*, 148 F.3d 548, 553 (5th Cir. 1998). In the absence of rebuttal evidence from Ibarra, the district court did not clearly err in relying on the presentence report in calculating the amount of marijuana involved. *See United States v. Gracia*, 983 F.2d 625, 629-30 & n.20 (5th Cir. 1993).

AFFIRMED.