# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

September 18, 2015

Lyle W. Cayce
Clerk

No. 14-41262
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

PERLA YAZMINE RODRIGUEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:10-CR-242-9

Before DAVIS, JONES and GRAVES, Circuit Judges.

PER CURIAM:[*]

Perla Yazmine Rodriguez appeals her guilty-plea conviction for conspiracy to possess with intent to manufacture and distribute methamphetamine in violation of 21 U.S.C. § 846. She argues that the district court erred in denying her motion to withdraw her guilty plea because it applied the factors outlined by this court in *United States v. Carr*, 740 F.2d 339, 343-44 (5th Cir. 1984), to determine whether she had a "fair and just

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-41262

reason" for withdrawing her plea instead of determining whether counsel's assistance was ineffective under *Strickland v. Washington*, 466 U.S. 668 (1984).  She argues that her retained counsel, who was substituted in this case for appointed counsel, was ineffective because he failed to determine that venue was improper, failed to examine the discovery in the case, failed to communicate with her before her plea hearing, and misrepresented her potential sentence to her.  She asserts that if counsel had adequately prepared for her case, he would have discovered that she believed that she was transporting marijuana, not methamphetamine, for her co-conspirators.

We review the denial of a motion to withdraw a guilty plea for an abuse of discretion.  *United States v. Urias-Marrufo*, 744 F.3d 361, 364 (5th Cir. 2014).  Before sentencing, a defendant may withdraw her guilty plea that the district court has accepted if "the defendant can show a fair and just reason for requesting the withdrawal."  FED. R. CRIM. P. 11(d)(2)(B).  In determining whether there is a fair and just reason for withdrawal, the court should consider seven factors, including whether close assistance of counsel was available to the defendant and whether the plea was knowing and voluntary.  *Carr*, 740 F.2d at 343-44.  The district court concluded that neither the *Carr* factors nor *Strickland* presented a basis for Rodriguez to withdraw her plea.

While Rodriguez argues that the *Carr* factors should be revisited, "one panel of this court cannot overrule the decision of another panel; such panel decisions may be overruled only by a subsequent decision of the Supreme Court or by the Fifth Circuit sitting en banc."  *Lowrey v. Texas A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir.1997); *United States v. Lipscomb*, 299 F.3d 303, 313 n. 34 (5th Cir.2002).  Accordingly, the district court did not err in considering the *Carr* factors, including the factor of whether Rodriguez had close assistance of

counsel, when ruling on her motion to withdraw her guilty plea.  *See Urias-Marrufo*, 744 F.3d at 366.

Rodriguez's claims of ineffective assistance of counsel are nevertheless relevant to the *Carr* factor concerning the voluntariness of her plea.  *See id.* at 365-66.  As found by the district court, however, Rodriguez failed to show that, but for counsel's alleged deficient performance, she would have proceeded to trial.  *See Hill v. Lockhart*, 474 U.S. 52, 57-59 (1985); *see also Urias-Marrufo*, 744 F.3d at 366; *United States v. Betancourt*, 586 F.3d 303, 308-09 (5th Cir. 2009); *United States v. Caldwell*, 16 F.3d 623, 624 (5th Cir. 1994); *United States v. Gracia*, 983 F.2d 625, 629 (5th Cir. 1993).

Rodriguez's arguments on appeal do not otherwise challenge the district court's analysis of the remaining *Carr* factors.  Accordingly, she has waived any challenge to the analysis of those factors.  *See United States v. Torres-Aguilar*, 352 F.3d 934, 936 n.2 (5th Cir. 2003).  As Rodriguez has not shown that the district court abused its discretion in denying her motion to withdraw her guilty plea, the district court's judgment is AFFIRMED.