# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 27, 2021

No. 20-10715
Summary Calendar

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee,*

*versus*

Davin Seth Waters,

*Defendant—Appellant.*

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:19-CR-93-1

Before Jolly, Elrod, and Graves, *Circuit Judges.*

Per Curiam:*

Davin Seth Waters pleaded guilty, pursuant to a plea agreement, to transportation of minors with intent to engage in criminal sexual activity. He was sentenced to life in prison. Waters asserts that his reliance upon misinformation from the prosecution and defense counsel about the likely

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

period of incarceration rendered his guilty plea unknowing and involuntary. Waters contends that the prosecutor and defense counsel mistakenly believed that Waters's admitted conduct in the factual resume with respect to additional victims would not be taken into account when calculating the guidelines range and that he would likely be sentenced to approximately 25 years in prison.

Waters did not argue in the district court that his plea was unknowing or involuntary. Thus, our review is limited to plain error. *See United States v. Alvarado-Casas*, 715 F.3d 945, 953 (5th Cir. 2013). To show plain error, the defendant must initially show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009).

Here, the record reflects that Waters was advised, and understood, that he faced a maximum possible penalty of life in prison and that the district court had sole discretion to determine his sentence. The plea agreement did not include any specific sentencing guarantees, and Waters affirmed at rearraignment that his guilty plea was not the result of threats or promises outside of those promises set forth in the plea agreement. Waters's "solemn declarations in open court carry a strong presumption of verity." *United States v. McKnight*, 570 F.3d 641, 649 (5th Cir. 2009) (internal quotation marks and citation omitted). Consequently, Waters has failed to show that his guilty plea was unknowing and involuntary or that the district court plainly erred in accepting his guilty plea. *See Puckett*, 556 U.S. at 135; *see also United States v. Gracia*, 983 F.2d 625, 629 (5th Cir. 1993); *United States v. Young*, 981 F.2d 180, 184 (5th Cir. 1992).

AFFIRMED.