IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 6, 2009

Charles R. Fulbruge III
Clerk

No. 08-41052

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NOE GARCIA MENDOZA,

Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Texas

Before JONES, Chief Judge, SMITH and DeMOSS, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Noe Mendoza was convicted of conspiracy to possess with intent to manu-facture and distribute methamphetamine in the Eastern District of Texas (the "Eastern district") and elsewhere, in violation of 21 U.S.C. § 846. He appeals his conviction and sentence. Finding no error, we affirm.

## I. Factual and Procedural Background

On November 5, 2005, law enforcement officers working with the Drug Enforcement Administration task force in Shreveport, Louisiana, arrested Leroy Pena at a motel. During a consensual search of the hotel room, the officers found 160 grams of methamphetamine in a sock in the bathroom.

Pena agreed to identify his source, made five calls to Mendoza, and identified Mendoza as his source of supply from a photo line-up. Pena met Mendoza for the first time in the summer of 2005 but began receiving methamphetamine from him in mid-2004 through Elvis Grimes. During that business relationship, either Pena would pick up methamphetamine from Mendoza in Dallas, or Mendoza would deliver the drugs to Pena in Louisiana. The day before his arrest, Pena met Mendoza in Canton, Texas. Pena traveled from there, along with Mendoza's brother Benito, to the motel in Shreveport where he and Benito were arrested.

Grimes began selling drugs in 2002, met Pena in 2003, and formed a business relationship for the supply of methamphetamine with Mendoza in mid-2004. Grimes would transport the contraband from Dallas to Louisiana, where he would deliver it to Bobby Huck at Huck's house in Shreveport. Mendoza would accompany Grimes on the trip from Dallas to Shreveport on almost every occasion. During the time he was receiving methamphetamine from Mendoza, Grimes sold to customers who lived in Wylie and Princeton, Texas. Grimes estimated he purchased up to one hundred pounds of methamphetamine from Mendoza during the course of their relationship.

At trial, Fabian Garcia testified that from 1999 until 2000, he sold Mendoza a total of ten kilograms of cocaine. Mendoza objected to the admission of that extrinsic evidence under Federal Rule of Evidence 404(b). He argued that the evidence of previous drug transactions was irrelevant and severely prejudicial. The district court overruled the objection and gave a careful limiting in-

struction to the jury.

At the close of the government's case, Mendoza moved for acquittal, claiming that the government had not provided any evidence that the conspiracy alleged in the indictment had occurred in the Eastern District or that Mendoza was involved in the conspiracy. The district court denied the motion and found that venue had been established by a preponderance of the evidence. Mendoza also moved for a jury instruction on venue, which the court denied.

At sentencing, the court stated that it had fully considered 18 U.S.C. § 3553(a) in fashioning a sentence that was sufficient but not greater than necessary to comply with all the purposes of sentencing. The court sentenced Mendoza to 360 months, the minimum guideline sentence for an offense level of 42 and criminal history category of V. The court arrived at its calculation after considering the presentence report, and Mendoza explicitly stated he had no objection to the calculation.

Mendoza asked for a lower sentence on two grounds. He argued that his sentence was significantly higher than that of his co-defendants. The court considered but rejected that argument. Mendoza then asked the court to exercise its discretion in issuing a sentence below the guideline range, but the court ruled that the guideline range provided the appropriate sentence.

## II. Sufficiency of the Evidence To Establish Venue for Count One

Mendoza contends that the government presented insufficient evidence to establish his involvement in a conspiracy in the Eastern District. In other words, he argues that the government did not present sufficient evidence of venue for Count One, so he should be acquitted.

We review the denial of a motion for judgment of acquittal *de novo*. *United States v. Sanchez*, 961 F.2d 1169, 1180 (5th Cir. 1992). We will affirm a verdict if, viewing all the evidence in the light most favorable to the government, a ra-

tional jury could conclude, from the evidence presented at trial, that the government established venue by a preponderance of the evidence. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

"When an offense is begun in one district and completed in another, venue is proper in any district in which the offense was 'begun, continued, or completed.'" *United States v. Fells*, 78 F.3d 168, 170 (5th Cir. 1996) (quoting 18 U.S.C. § 3237(a)). Venue can be based on evidence of any single act that initiated, perpetuated, or completed the crime, *id.* at 171, and circumstantial evidence suffices to establish venue, *United States v. Loe*, 248 F.3d 449, 463 (5th. Cir. 2001).

As can be deduced from the above, the venue inquiry is intimately tied to the offense charged. *United States v. Strain*, 396 F.3d 689, 693 (5th Cir. 2005). Mendoza was indicted under 21 U.S.C. § 846 for conspiracy to possess with intent to manufacture and distribute methamphetamine in the Eastern District and elsewhere. Thus, the issue we must address is whether a reasonable jury could conclude, on the basis of the government's evidence, that Mendoza participated in a conspiracy to manufacture and distribute methamphetamine that "was begun, continued, or completed" in the Eastern District.

"In cases involving conspiracy offenses, venue is proper in any district where the agreement was formed or an overt act occurred." *United States v. Caldwell*, 16 F.3d 623, 624 (5th Cir. 1994) (citations omitted). The record, viewed in the light most favorable to the government, demonstrates that several overt acts occurred in the Eastern District.

Firstly, the record shows a pattern of drug trafficking between Dallas and Shreveport, which are connected *via* Interstate 20. The distance is less than 200 miles; the route passes directly through the Eastern District. Traveling from Dallas to Shreveport without passing through the Eastern District would be a quixotic endeavor for anyone, much less drug traffickers facing innumerable risks of apprehension: One would have to drive west from Dallas to Fort Worth,

north into Oklahoma, east into Arkansas, then south into Louisiana, a total of well over 700 miles. The circumstantial evidence in the record supports the inference that Mendoza's co-conspirators traveled through the Eastern District while transporting methamphetamine from Dallas to Shreveport. The government in closing explained this reasoning to the jury as "common sense." (R. 998).

And as we stated earlier, a jury may infer venue from circumstantial evidence in the record as a whole. *United States v. White*, 611 F.2d 531, 534-35 (5th Cir. 1980). A reasonable jury, by a preponderance of the evidence, could conclude that Mendoza and his co-conspirators regularly transported contraband through the Eastern District. That conclusion alone would support venue, for one co-conspirator's travel through a judicial district in furtherance of the crime alleged establishes venue as to all co-conspirators.[1]

Secondly, Leroy Pena testified that he met Mendoza in Canton, Texas, on November 4, 2005, and drove from Canton to Shreveport on November 5. (R. 649). Canton is in the Eastern District. Pena testified that Mendoza was his supplier and that he distributed two to three pounds of Mendoza's supply in Louisiana per week. (R. 645). On November 5, the day Pena left Canton, he was arrested in a hotel room in Shreveport with more than half a pound of methamphetamine. In the context of Pena's testimony as a whole, a rational jury could conclude, by a preponderance of the evidence, that the Canton meeting was an act in furtherance of the offense charged.

Finally, Elvis Grimes testified that he sold to customers who lived in Wylie and Princeton, Texas, in the Eastern District. (R. 743, 749). Grimes estimated that he bought up to one hundred pounds of methamphetamine from Mendoza during the course of their business relationship. (R. 731). A reasonable jury

---

[1] *See United States v. Davis*, 666 F.2d 195, 200 (5th Cir. 1982) (concluding that sufficient basis for venue existed as to § 846 conspiracy count because defendant's co-conspirator traveled through Middle District of Georgia on the way to obtaining contraband in Florida).

could conclude, on the basis of this evidence, that an overt act in furtherance of the charged conspiracy occurred in the Eastern District.

Mendoza argues there is insufficient evidence of his involvement in the charged conspiracy. That argument is meritless. For conspiracy convictions under 21 U.S.C. § 846, the government must prove beyond a reasonable doubt "(1) the existence of an agreement between two or more persons to violate narcotics law; (2) the defendant's knowledge of the agreement; and (3) the defendant's voluntary participation in the agreement." *United States v. Gonzales*, 76 F.3d 1339, 1346 (5th Cir. 1996). Pena identified Mendoza from a photo-line-up as his supplier. (R. 652). He routinely traveled to Dallas to pick up methamphetamine from Mendoza, (R. 642-44), or Mendoza would deliver it to him in Louisiana. (R. 644). The extensive evidence in the record adequately supports the jury's finding that Mendoza was in knowing agreement with Pena and others to distribute methamphetamine and that he voluntarily participated in that agreement.

## III.  Refusal To Instruct on Venue

Mendoza moved for a jury instruction on venue, which the district court denied, reasoning that because Mendoza had not offered any contradictory testimony on venue, a jury instruction was inappropriate. (R. 948). "[F]ailure to instruct on venue is reversible error when trial testimony puts venue in issue and the defendant requests the instruction." *White*, 611 F.2d at 536-37. We have already concluded that the government presented more than adequate evidence of venue. Mendoza provided no controverting evidence on the issue. Under such circumstances, venue was not "in issue" under *White*. *Caldwell*, 16 F.3d at 625.

## IV. § 3553 Sentencing Factors

Mendoza urges that the district court erred by not discussing the sentenc-

ing factors enumerated in 18 U.S.C. § 3553(a). Specifically, Mendoza challenges the sentencing disparity among co-defendants, an objection he raised in the district court. (R. 1021).

Our review of sentencing decisions for procedural error, such as failure to consider § 3553 factors, is *de novo*. *United States v. Duhon*, 541 F.3d 391, 395 (5th Cir. 2008). Where, as here, a court imposes a sentence within the properly-calculated guideline range, we "infer that the judge has considered all the factors for a fair sentence." *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005). "[A] checklist recitation of the section 3553(a) factors is neither necessary nor sufficient for a sentence to be reasonable." *United States v. Smith*, 440 F.3d 704, 707 (5th Cir. 2006).

Section 3553 requires courts to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). The district court considered arguments as to possible sentence disparities among Mendoza and his co-defendants. As the government pointed out, the co-defendants to whom Mendoza compared himself had different criminal histories, received sentence reductions for their cooperation, and were involved with lesser amounts of methamphetamine. (R. 1023-24). The court explicitly stated that it had "fully considered all the purposes of sentencing set out in our statutes, among those . . . Section 3553(a) in fashioning a sentence that is sufficient but not greater than necessary to comply with all the purposes of sentencing." (R. 1035-36).

The court exercised its discretion by adhering to the properly-calculated guideline range and imposed a sentence of 360 months. The sentencing disparities among Mendoza and his co-defendants are not unwarranted, because many defendants played a lesser role than did Mendoza, were involved with lesser amounts, and received reductions for their cooperation. There is no error in the court's consideration of § 3553 factors.

## V. Substantive Reasonableness of the Sentence

Mendoza challenges the sentence as unduly harsh and therefore unreasonable. That argument has no merit. We review the substantive reasonableness of the sentence for abuse of discretion. *Duhon*, 541 F.3d at 395. The court imposed a sentence at the low end of the guideline range. The essence of Mendoza's argument is that the court should have used its discretion to impose a lower sentence outside the range because of § 3553 factors.

In *Gall v. United States*, 128 S. Ct. 586, 597 (2007), the Court stated that "[i]f the sentence is within the Guidelines range, the appellate court may, but is not required to, apply a presumption of reasonableness." The only argument Mendoza offers for a deviation below the range is that the objectives of § 3553 could possibly be met by a sentence of less than 360 months. He does not state why the district court's decision to adhere to the guidelines is unreasonable under an abuse-of-discretion standard. There is no reason to disturb the sentence, and we apply the presumption of reasonableness authorized by *Gall. See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir.), *cert. denied*, 129 S. Ct. 624 (2008).

## VI. Admission of Prior Bad Acts Evidence Under Rule 404(b)

The district court allowed evidence of Mendoza's past drug trafficking activity pursuant to rule 404(b). Mendoza argues this was error. We cannot agree.

Rule 404(b) prohibits propensity evidence––evidence of defendant's prior bad acts intended to show that his conduct in the present case was in conformity therewith. Such evidence is admissible, however, for limited purposes. Accordingly, we must determine whether the evidence of Mendoza's previous drug trafficking activity is relevant to an issue other than his character and whether its probative value is not substantially outweighed by the danger of unfair prejudice. *United States v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978) (en

banc). We review evidentiary rulings for abuse of discretion. *United States v. Booker*, 334 F.3d 406, 411 (5th Cir. 2003).

The extrinsic-offense evidence is relevant to the issue of intent. "The mere entry of a not guilty plea in a conspiracy case raises the issue of intent sufficiently to justify the admissibility of extrinsic offense evidence." *Id.* (citing *United States v. Broussard*, 80 F.3d 1025, 1040 (5th Cir. 1996)). Therefore, the extrinsic evidence is relevant to an issue other than Mendoza's character.

To determine whether the probative value of the evidence outweighed the possible prejudice to Mendoza, we must make a "commonsense assessment of all the circumstances surrounding the extrinsic offense." *Beechum*, 582 F.2d at 914. We consider several factors, including the extent to which unlawful intent was established by other evidence, the similarity between the extrinsic and charged offenses, and the amount of time separating the two offenses. *Id.* at 915.

The district court carefully weighed the probative value against the risk of prejudice. (R. 895-96). Our commonsense assessment of the circumstances confirms the district court's decision. As already stated, Mendoza put his intent at issue at arraignment. Evidence of his involvement in another conspiracy to distribute a controlled substance was necessary to establish intent, an essential element of the conspiracy offense. *See United States v. Thomas*, 348 F.3d 78, 86 (5th Cir. 2003) (stating that intent is material to drug trafficking prosecutions). And the evidence was highly relevant: The prior conduct involved a conspiracy to sell a controlled substance[2] and occurred five years before the charged offense, a close enough temporal interval for rule 404(b) purposes.[3] In any case, the court

---

[2] The government offered the testimony of Fabian Garcia, who stated that from 1999 until 2000 he regularly sold cocaine to Mendoza in distributable quantities.

[3] We have upheld the admission of far older extrinsic evidence under rule 404(b). *See United States v. Arnold*, 467 F.3d 880, 885 (5th Cir. 2006) (citing cases upholding admission of evidence as old as eighteen years). Moreover, admission of five-year-old evidence in drug
(continued...)

gave a careful limiting instruction; such an instruction will greatly minimize any risk of undue prejudice posed by the admission of extrinsic evidence. *United States v. Crawley*, 533 F.3d 349, 355 (5th Cir.), *cert. denied*, 129 S. Ct. 522 (2008). Accordingly, there is no error in the admission of evidence of Mendoza's prior drug-trafficking conviction.

In summary, the district court carefully considered every issue raised by Mendoza on appeal. The record reflects the court's diligence, and the law supports its conclusions. The judgment of conviction and sentence is AFFIRMED.

---

[3] (...continued)
trafficking cases is by no means uncommon. *See, e.g.*, *United States v. Smith*, 228 F. App'x 383, 388 (5th Cir. 2007).