# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 19, 2010

Lyle W. Cayce
Clerk

No. 09-40786
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOHANSEN BRITO,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:07-CR-208-3

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Johansen Brito was convicted of conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 841, 846.  Brito challenges the admission of testimony regarding the seizure of money inside a car driven by him and the denial of his motion for a judgment of acquittal as to venue.

Brito argues that the district court erred in allowing Ramon Gonzalez, the leader of the conspiracy, to testify that Brito told him a Dodge Neon and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

$180,000 were seized. Prior to trial, the district court granted Brito's motion to suppress all statements and evidence obtained during the traffic stop that led to the seizure. Brito argues that Gonzalez's testimony was fruit of the poisonous tree and thus admitted in violation of his Fourth Amendment rights.

We need not resolve whether this testimony should have been excluded because the error, if any, in admitting this testimony was harmless. *See United States v. Edwards*, 303 F.3d 606, 621-22 (5th Cir. 2002). "[W]e ask whether it appears beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained." *Id.* at 621 (internal quotations marks and citations omitted).

The indicted conspiracy in this case was to distribute and possess with intent to distribute cocaine. The objected-to testimony explains why the cocaine trafficking operation stopped using the Dodge Neon and began using a different vehicle driven by Charles Scott, another co-conspirator, to transport Brito's cocaine. Though this testimony is probative of Brito's participation in the conspiracy, it is cumulative of a large amount of other evidence of Brito's guilt. Other testimony linked Brito to the conspiracy and, specifically, to the Dodge Neon as a means of transporting cocaine. Brito was also linked to Charles Scott, who transported cocaine for him on several occasions after the Dodge Neon was seized. Therefore, admission of this testimony, if error, is harmless beyond a reasonable doubt. *See Edwards*, 303 F.3d at 622.

Brito also argues that the district court erred in denying his motion for a judgment of acquittal as to venue. Brito contends that the Government presented insufficient evidence to establish his involvement in a conspiracy in the Eastern District of Texas.

"We will affirm a verdict if, viewing all the evidence in the light most favorable to the government, a rational jury could conclude, from the evidence presented at trial, that the government established venue by a preponderance of the evidence." *United States v. Mendoza*, 587 F.3d 682, 686 (5th Cir. 2009)

2

(citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). "When an offense is begun in one district and completed in another, venue is proper in any district in which the offense was 'begun, continued, or completed.'" *United States v. Fells*, 78 F.3d 168, 170 (5th Cir. 1996) (quoting 18 U.S.C. § 3237(a)). "In cases involving conspiracy offenses, venue is proper in any district where the agreement was formed or an overt act occurred." *United States v. Caldwell*, 16 F.3d 623, 624 (5th Cir. 1994). "Venue can be based on evidence of any single act that initiated, perpetuated, or completed the crime, and circumstantial evidence suffices to establish venue." *Mendoza*, 587 F.3d at 686 (internal citation omitted). Further, "one co-conspirator's travel through a judicial district in furtherance of the crime alleged establishes venue as to all co-conspirators." *Id.* at 687.

Evidence was presented that Charles Scott transported cocaine from the Gonzalez operation in Houston, Texas, to buyers located east of Texas, including Brito. On his first trip, Charles Scott traveled through Beaumont, Texas, to deliver cocaine to Carlos Moreno, another buyer who purchased cocaine from the Gonzalez operation. Viewing the evidence in the light most favorable to the Government, Brito was part of the same unitary conspiracy to buy and sell cocaine as Moreno. Therefore, the act of transporting cocaine through the Eastern District of Texas to Moreno is sufficient to establish venue. *See id.* at 686-87.

Brito's conviction is AFFIRMED.