# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 23, 2010

Lyle W. Cayce
Clerk

No. 09-51164
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALFONSO CORRAL-MARRUFO, also known as Adolfo Corral-Marrufo, also known as Alfonso, also known as Poncho,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:08-CR-1481-1

Before HIGGINBOTHAM, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Alfonso Corral-Marrufo appeals his sentence for aiding and abetting the bringing of aliens into the United States, resulting in a death, in violation of 8 U.S.C. § 1324. After agreeing to a plea agreement that included an appeal waiver and an agreement by the Government not to oppose an offense-level reduction for acceptance of responsibility, Corral-Marrufo changed his mind, and the case was set for trial. On the morning of trial, Corral-Marrufo again changed his mind and accepted the plea agreement. As a result of this

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

circumstance, the Government did oppose the acceptance of responsibility reduction, but it does not seek to enforce the appeal waiver. *See United States v. Story*, 439 F.3d 226, 231 (5th Cir. 2006). Thus, we will consider this appeal despite the initially agreed waiver.

Corral-Marrufo argues that the district court erred in denying a minor role reduction under U.S.S.G. § 3B1.2. His role was central to housing and transporting the aliens within Mexico and was clearly "coextensive with the conduct for which he was held accountable." *United States v. Garcia*, 242 F.3d 593, 598-99 (5th Cir. 2001). He brought the aliens to meet two unknown guides, advised them how to crawl through the brush and how to cross the American Canal and fencing, provided cash to pay an unknown individual for transportation after they crossed the border, and assured one of the aliens, Fritman Cardenas-Reyna, that the water in the river was only knee deep. Cardenas-Reyna later drowned while crossing the river. Even if Corral-Marrufo did not perform as many acts as his codefendants, his activities were not peripheral to the advancement of the illicit activity. *See United States v. Villaneuva*, 408 F.3d 193, 203-04 (5th Cir. 2005). The district court did not clearly err in finding he was not a minor participant. *See id.*

Corral-Marrufo argues that the district court failed to consider the 18 U.S.C. § 3553(a) factors. Because he did not raise this issue in the district court, review is limited to plain error. *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009)(listing the factors involved in plain error review). The district court asked Corral-Marrufo's counsel to address the § 3553(a) factors; counsel argued that the court should consider the need to avoid sentencing disparity; Corral-Marrufo's humanitarian actions of transporting, feeding, and providing money to the aliens; and the inhuman conditions he suffered during his eight-month imprisonment in Mexico. The district court also considered the nature and circumstances of the offense, in particular the death of one of the aliens, and Corral-Marrufo's history and characteristics. We will "infer that the judge has

No. 09-51164

considered all the factors for a fair sentence" because the district court imposed a sentence within the advisory guidelines range. *United States v. Mendoza*, 587 F.3d 682, 688 (5th Cir. 2009)(internal quotation marks and citation omitted). Because Corral-Marrufo has not shown that the district court failed to consider the § 3553(a) factors, he has not shown that the district court committed any error, plain or otherwise. *See Puckett*, 129 S. Ct. at 1429.

AFFIRMED.