# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 2, 2011

Lyle W. Cayce
Clerk

No. 10-50325
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DEVIN WESLEY COSTINE,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:06-CR-25-2

Before JOLLY, GARZA and STEWART, Circuit Judges.

PER CURIAM:[*]

Devin Wesley Costine appeals the sentence imposed following the revocation of his supervised release subsequent to his guilty plea conviction for attempting to manufacture methamphetamine. The district court initially continued Costine's supervised release on the condition that Costine participate in a residential substance abuse program for 90 days, but it revoked Costine's supervised release and sentenced him to 24 months of imprisonment when Costine did not report to the residential substance abuse program as ordered.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Costine argues that the district court committed procedural error by failing to provide an adequate explanation for the sentence. He maintains that the district court was required to provide a detailed explanation for the sentence because the sentence was an upward variance from the guidelines range. He contends that the explanation the district court provided was insufficient because the district court did not explain why it sentenced him to the statutory maximum sentence instead of a lesser sentence. Assuming arguendo that Costine's questioning of the reasons for the sentence at the revocation hearing preserved this issue for review, this issue is a question of procedural error at sentencing that we review de novo. *See United States v. Garcia Mendoza*, 587 F.3d 682, 688 (5th Cir. 2009).

While the district court did not expressly state that it had considered the 18 U.S.C. § 3553(a) sentencing factors, a mechanical recitation of the § 3553(a) factors was not necessary. *See United States v. Smith*, 440 F.3d 704, 707 (5th Cir. 2006). Although the district court's explanation for the sentence was not detailed, the facts of the case were simple, making a detailed explanation unnecessary. *See Rita v. United States*, 551 U.S. 338, 359 (2007). Costine has not shown that the district court committed procedural error by failing to provide adequate reasons for the sentence. *See id.*

Costine argues that the sentence was substantively unreasonable. He maintains that while his supervised release violations warranted the revocation of his supervised release, they did not warrant the statutory maximum sentence imposed by the district court.

We review revocation sentences under "(a) both the 'plainly unreasonable' and the *Booker* unreasonableness standards of review or (b) the more exacting *Booker* unreasonableness standard." *United States v. McKinney*, 520 F.3d 425, 428 (5th Cir. 2008). However, because Costine did not object to the sentence as substantively unreasonable in the district court, we review this issue for plain error only. *See United States v. Whitelaw*, 580 F.3d 256, 259-60 (5th Cir. 2009).

No. 10-50325

To show plain error, Costine must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). If he makes such a showing, we have the discretion to correct the error but will do so only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

On revocation of supervised release, the district court may impose any sentence that falls within the statutory maximum term authorized. *McKinney*, 520 F.3d at 427. Costine's sentence of 24 months of imprisonment was above the advisory guidelines range of 7-13 months of imprisonment, but it did not exceed the statutory maximum. Revocation sentences exceeding the guidelines range but not exceeding the statutory maximum have been upheld as a matter of routine against challenges that the sentences were substantively unreasonable. *See Whitelaw*, 580 F.3d at 265. As the sentence did not exceed the statutory maximum, it did not constitute plain error. *See id.*

AFFIRMED.