# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-40676
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 14, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

PEDRO CARRILLO-TORRES,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:13-CR-164-1

Before HIGGINBOTHAM, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

In 2013, Pedro Carrillo-Torres pleaded guilty to possession of counterfeit access devices and was sentenced to 108 months of imprisonment. He appealed his sentence, arguing that the district court erred in imposing a six-level upward adjustment for an offense involving more than 250 victims. *United States v. Cardenas*, 598 F. App'x 264, 265 (5th Cir. 2015). This court agreed, vacating Carrillo-Torres's sentence and remanding the case for resentencing.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*Id.* at 270.  On remand, the district court again imposed a sentence of 108 months of imprisonment.  Carrillo-Torres appeals the sentence imposed, arguing that it is procedurally and substantively unreasonable.

This court reviews sentences for reasonableness by engaging in a bifurcated review.  *Gall v. United States*, 552 U.S. 38, 49-51 (2007).  An appellate court must first ensure that the sentencing court committed no significant procedural error, including improperly calculating the guidelines range and failing to adequately explain the reasons for the chosen sentence, including an explanation for any variance from the advisory guidelines range.  *Id.* at 51.  In evaluating whether a district court committed a procedural error in the sentencing determination, this court employs a de novo standard of review.  *United States v. Garcia Mendoza*, 587 F.3d 682, 688 (5th Cir. 2009).  In reviewing a non-guidelines sentence for substantive reasonableness, we "consider the totality of the circumstances, including the extent of any variance from the Guidelines range."  *United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008) (internal quotation marks and citation omitted).

We conclude that the sentence is reasonable under the circumstances.  The record in this case reflects that the district court did not fail to account for a factor that should have received significant weight, give weight to any improper factor, or clearly err in balancing the 18 U.S.C. § 3553(a) factors.  *See United States v. Chandler*, 732 F.3d 434, 437 (5th Cir. 2013).  Moreover, we defer to the district court's determination that the § 3553(a) factors, on the whole, justify the extent of the upward variance imposed in this case.  *See United States v. Broussard*, 669 F.3d 537, 551 (5th Cir. 2012).  Finally, given that the court heard the parties' arguments, permitted Carrillo-Torres and his counsel to present mitigating evidence, and articulated its reasons for the upward variance based on the § 3553(a) factors, the district court was not

No. 15-40676

required to offer additional explanation for the sentence. *See United States v. Fraga*, 704 F.3d 432, 439 (5th Cir. 2013); *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005).

AFFIRMED.