# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-11417
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 7, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE OCHOA-CALEDO, also known as Ramiro Cerna-Gonzalez,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:16-CR-79-1

Before JOLLY, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jose Ochoa-Caledo pleaded guilty to illegal reentry in violation of 8 U.S.C. § 1326(a) and (b)(1)-(2). The presentence report (PSR) recommended an advisory guidelines range of 24 to 30 months of imprisonment. The district court sentenced Ochoa-Caledo to 40 months of imprisonment and three years of supervised release. On appeal, Ochoa-Caledo challenges the procedural reasonableness of his sentence. In evaluating whether a district court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-11417

committed a procedural error in the sentencing determination, we employ a de novo standard of review.  *United States v. Garcia Mendoza*, 587 F.3d 682, 688 (5th Cir. 2009).

Ochoa-Caledo argues that the district court committed procedural error by misapplying the provisions of the Guidelines governing departures in determining that an upward departure was warranted under U.S.S.G. § 4A1.3, p.s.  However, the record reflects that the district court imposed a non-guidelines sentence or upward variance based on the 18 U.S.C. § 3553(a) sentencing factors.  *See United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008).  Therefore, Ochoa-Caledo's arguments are inapposite.

He also contends that the district court committed procedural error by failing to adequately explain its decision to impose an upward variance.  At sentencing, the district court listened to the arguments and statements made by defense counsel and Ochoa-Caledo.  The district court also adopted the PSR and the PSR Addendum, considered the § 3553(a) sentencing factors, and stated reasons in support of the upward variance.  Specifically, the district court noted the "large number of occasions" in which Ochoa-Caledo "illegally entered the United States."  The district court also stated that Ochoa-Caledo had "quite a criminal history" and that none of his prior convictions received criminal history points.  Even if the district court "might have said more," the record makes clear that the court considered all of "the evidence and arguments," and its statement of reasons for the sentence imposed was "legally sufficient."  *Rita v. United States*, 551 U.S. 338, 358-59 (2007).

The judgment of the district court is AFFIRMED.