# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

————————

No. 16-30212
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 22, 2017

Lyle W. Cayce
Clerk

————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

VACARRA ROGERS, also known as Vacarra Comanche; KEVIN HONEYCUTT,

Defendants-Appellants

————————————————

Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 3:15-CR-58-1

————————————————

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

Following a jury trial, Vacarra Rogers and Kevin Honeycutt were convicted of conspiracy to distribute and to possess with intent to distribute methamphetamine. Honeycutt was also convicted of a substantive meth offense and possession of firearms by a convicted felon. The district court sentenced each defendant within the applicable guidelines range. Rogers was

———————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-30212

sentenced to 151 months of imprisonment and five years of supervised release; Honeycutt was sentenced to concurrent terms of 151 months of imprisonment for the controlled substance offenses and 120 months of imprisonment for the firearms offense, to be followed by five years of supervised release.

As a preliminary matter, Rogers, who is proceeding pro se on appeal, has moved the court to reject a previously-filed appellate brief and to allow him to file a corrected brief. Rogers's motion is GRANTED IN PART insofar as he seeks permission to (1) proceed with his four claims pertaining to the sufficiency of the evidence supporting his conviction, the introduction of Honeycutt's out-of-court statements, the introduction of evidence of a prior methamphetamine sale, and the calculation of his criminal history and the methamphetamine quantity under the Sentencing Guidelines; and (2) withdraw his challenge to the denial of his motion to suppress and his claim of prosecutorial vindictiveness. Because briefing is complete and the Government would be prejudiced if Rogers were allowed to proceed with his new claim alleging a violation of *Alleyne v. United States*, 133 S. Ct. 2151 (2013), Rogers's motion to file a corrected brief is DENIED IN PART insofar as he seeks to add an *Alleyne* claim. Rogers's motion to supplement the record with transcripts of the grand jury proceedings is DENIED.

In addition, Honeycutt, also proceeding pro se, moves this court to adopt and incorporate his former appointed counsel's "brief and its arguments in their entirety." But there is no right to hybrid representation. *See United States v. Ogbonna*, 184 F.3d 447, 449 & n.1 (5th Cir. 1999). And although Federal Rule of Appellate Procedure allows an appellant to adopt parts of another appellant's brief, that rule does not allow a pro se appellant to adopt all or part of a brief previously filed by an attorney who no longer represents him. Accordingly, Honeycutt's motion is DENIED.

2

No. 16-30212

Rogers and Honeycutt contend that the evidence was insufficient to support their conspiracy convictions because there was no showing that each defendant agreed with at least one other person to traffic methamphetamine. We review de novo their challenge to the sufficiency of the evidence. *See United States v. Alaniz*, 726 F.3d 586, 600 (5th Cir. 2013). The Government was required to prove "1) the existence of an agreement between two or more persons to violate narcotics laws, 2) knowledge of the conspiracy and intent to join it and 3) voluntary participation in the conspiracy." *United States v. White*, 219 F.3d 442, 445 (5th Cir. 2000). For purposes of a conspiracy, the agreement to violate the law "need not be explicit or formal; tacit agreement is sufficient." *United States v. Chapman*, 851 F.3d 363, 376 (5th Cir. 2017). The existence of an agreement may be proved solely by circumstantial evidence or may be inferred from a concert of action. *Id.* We view all the evidence in the light most favorable to the Government. *See Alaniz*, 726 F.3d at 600.

The Government presented sufficient evidence at trial that Rogers agreed with others to participate in a conspiracy to distribute and to possess methamphetamine with the intent to distribute it. Based on the three-way phone calls showing that Rogers directed the movement of money and methamphetamine between Monroe, Louisiana, and his uncle's house in Texas, as well as the evidence showing a concert of action between Rogers, his girlfriend Kendra Turner, Honeycutt, and others, a reasonable jury could have determined beyond a reasonable doubt that Rogers at least tacitly agreed with others to participate in a drug trafficking conspiracy. *See Chapman*, 851 F.3d at 376. Further, the premise of Rogers's argument is incorrect; his conviction was not based on any testimony or other evidence showing his use of the word "tires" to be a code word for "methamphetamine."

No. 16-30212

Likewise, the trial evidence shows that Honeycutt at least tacitly agreed with others to violate the narcotics laws.  *See id.*; *Alaniz*, 726 F.3d at 600.  The Government presented evidence that for several days leading up to the arrests in this case, Honeycutt communicated with Ruby Jane McMillian about obtaining funds from her; he participated in calls with Rogers and Turner about those funds and a trip to Texas to obtain methamphetamine from a third party; and he received money from McMillian, which he then provided to Turner to purchase methamphetamine.  In addition, during a search of Honeycutt's residence, officers retrieved methamphetamine that Turner had left with Honeycutt prior to her trip to Texas, as well as two firearms, cash, and other tools of the drug trade.

Rogers also argues on appeal that Sergeant Paul Knight testified to statements made by Honeycutt to officers that were "facially" and "directly" incriminating and that implicated Rogers and the other co-conspirators. Rogers contends that because Honeycutt did not testify at trial, he was denied his right to confront Honeycutt as to those statements, in violation of *Bruton v. United States*, 391 U.S. 123 (1968).  We review this issue, raised for the first time on appeal, for plain error.  *See United States v. Vasquez*, 766 F.3d 373, 378 (5th Cir. 2014).  We conclude that there was no *Bruton* error as the out-of-court statements attributable to Honeycutt did not directly allude to Rogers.  *See United States v. Smith*, 822 F.3d 755, 762 (5th Cir. 2016); *United States v. Restrepo*, 994 F.2d 173, 186 (5th Cir. 1993).

Next, Rogers argues that the district court erred in admitting evidence at trial of his sale of methamphetamine to a confidential informant two months before the charged conspiracy.  Our court applies a two-part test for admissibility of evidence "of a crime, wrong, or other act" under Federal Rule of Evidence 404(b): (1) the evidence must be "relevant to an issue other than

the defendant's character"; and (2) the evidence's probative value must not be substantially outweighed by its prejudicial effect. *United States v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978) (en banc).

The first *Beechum* requirement is easily met. Roger's intent and knowledge, two permissible purposes cited in Rule 404(b), were the main issues he disputed at trial. *See United States v. Cockrell*, 587 F.3d 674, 679 (5th Cir. 2009). And Rogers fails to show that the district court abused its discretion with respect to the second *Beechum* inquiry. The district court carefully weighed the evidence and instructed the jury as to the "very limited purposes" for which it could consider the evidence. *See United States v. Garcia-Mendoza*, 587 F.3d 682, 689 (5th Cir. 2009). The prior drug transaction was highly probative because it involved the same type of drug, took place just two months before the charged conduct, and involved two of the same conspirators— Honeycutt and Turner. *See United States v. Garcia* Mendoza, 587 F.3d 682, 689 (5th Cir. 2009) (holding that even a drug transaction occurring five years before the charged conduct was "a close enough temporal interval for rule 404(b) purposes."). On the prejudice side of the equation, the extrinsic offense was not of such a "heinous nature" that it would "incite the jury to irrational decision by its force on human emotion." *Beechum*, 582 F.2d at 917. Accordingly, the district court did not abuse its discretion by admitting evidence of Roger's prior methamphetamine sale. *See United States v. Kinchen*, 729 F.3d 466, 470-74 (5th Cir. 2013).

Honeycutt challenges the district court's denial of his motion to suppress evidence seized during a warrantless search of his residence. He maintains that he did not freely and voluntarily consent, emphasizing that he did not understand his right to refuse permission. "A search conducted pursuant to consent is excepted from the Fourth Amendment's warrant and probable cause

requirements." *United States v. Solis*, 299 F.3d 420, 436 (5th Cir. 2002). The voluntariness of consent is a factual finding to be reviewed for clear error. *Id.* We analyze the following six factors to determine whether consent to a search was voluntarily given: "(1) the voluntariness of the defendant's custodial status; (2) the presence of coercive police procedures; (3) the extent and level of the defendant's cooperation with the police; (4) the defendant's awareness of his right to refuse to consent; (5) the defendant's education and intelligence; and (6) the defendant's belief that no incriminating evidence will be found." *Id.* at 436 & n.21 (internal quotation marks and citation omitted).

Following an evidentiary hearing, the district court determined that Honeycutt voluntarily consented to the search that led to the discovery of methamphetamine and the search of the remainder of his residence because, there was no evidence of police coercion; he fully cooperated with the officers; as a convicted felon, he was not a novice in matters of criminal and police procedure; and he affirmed that he understood his *Miranda* rights. The finding of voluntariness based on these circumstances is a reasonable view of the evidence. *See id.* The district court recognized there was no direct evidence showing Honeycutt knew he could refuse consent. But that factor alone "is not be given controlling significance." *United States v. Freeman*, 482 F.3d 829, 833 (5th Cir. 2007).

Honeycutt next argues, for the first time on appeal, that his Sixth Amendment right to confront and cross-examine adverse witnesses was violated when Sergeant Knight testified about statements made to him by Mike Goins of the Ouachita Parish Sheriff's Office about monitored prison phone calls. Goin's out-of-court statements were introduced in the context of how Sergeant Knight investigated the case and developed suspects for the charged drug conspiracy. The district court thus did not plainly err in

admitting the testimony because it was not clearly introduced for the truth of the matter asserted. *See Smith*, 822 F.3d at 762.

Honeycutt further contends that the prosecutor acted vindictively and violated the Equal Protection Clause in charging the male defendants with a larger quantity of methamphetamine than their female codefendants, as evidenced by the indictment and the record. Our review is again for plain error as he did not object on this basis in the district court. *See United States v. Rodriguez*, 602 F.3d 346, 351 (5th Cir. 2010) (vindictiveness); *United States v. Ramos*, 537 F.3d 439, 458 n.15 (5th Cir. 2008) (equal protection); *see also* FED. R. CRIM. P. 12(b)(3)(A)(iv). Honeycutt's conclusory allegations of vindictiveness and selective prosecution are "insufficient to take this case out of the general rule that prosecutors have wide latitude in determining which cases to prosecute." *United States v. Ramirez*, 765 F.2d 438, 440 (5th Cir. 1985). And both female defendants pleaded guilty and testified at trial. Accordingly, Honeycutt has not established any error, much less plain error. *See United States v. Molina*, 530 F.3d 326, 332 (5th Cir. 2008).

Rogers presents two sentencing arguments, both of which are raised for the first time on appeal. First, he challenges the assignment of 12 criminal history points, arguing that some of his prior state convictions and sentences were consolidated and thus erroneously included in his scoring. The district court did not err, plainly or otherwise, in counting Rogers's four prior sentences separately. While the sentences for his attempted simple burglary and aggravated battery offenses were imposed on the same day, the two offenses were separated by an intervening arrest. *See* U.S.S.G. § 4A1.2(a)(2). As to Rogers's prior convictions for possession of a firearm by a convicted felon and simple burglary, his sentences for those offenses did not result from the same charging instrument and were not imposed on the same day. *See id.*

No. 16-30212

Honeycutt's final two challenges to his sentence—that the drug quantity was erroneous and that he was entitled to a mitigating role adjustment—are inadequately briefed, so we will not consider them.  *See United States v. Reagan*, 596 F.3d 251, 254 (5th Cir. 2010); *United States v. Stalnaker*, 571 F.3d 428, 439-40 (5th Cir. 2009).

The judgments of the district court are AFFIRMED.