# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-10606
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 7, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GUADALUPE DIAMANTINE BARBA,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:17-CR-183-1

Before JOLLY, COSTA, and HO, Circuit Judges.

PER CURIAM:[*]

Guadalupe Diamantine Barba pleaded guilty to possession of stolen mail and was sentenced above the advisory guideline range of 10 to 14 months to 24 months of imprisonment and two years of supervised release. Barba argues that her sentence is procedurally unreasonable because the district court failed to address the 18 U.S.C. § 3553 factors in imposing a sentence above the advisory guidelines.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-10606

In evaluating whether a district court committed a procedural error in the sentencing determination, this court employs a de novo standard of review. *United States v. Garcia Mendoza*, 587 F.3d 682, 688 (5th Cir. 2009). While within-guidelines sentences require "little explanation," the district court must give a more detailed explanation for a non-guidelines sentence. *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005). "These reasons should be fact-specific and consistent with the sentencing factors enumerated in section 3553(a)." *United States v. Smith*, 440 F.3d 704, 707 (5th Cir. 2006).

Barba preserved this error for review by objecting. The district court heard the parties' arguments, permitted Barba and her counsel to present mitigating evidence, and articulated its reasons for the upward variance based on the § 3553(a) factors. The record makes the judge's reasoning clear and allows for effective review. The district court was not required to offer additional explanation for the sentence. *See United States v. Fraga*, 704 F.3d 432, 439 (5th Cir. 2013).

Barba argues that the sentence of 24 months, 10 months above the advisory guideline maximum of 14 months, was substantively unreasonable. Specifically, she states that the district court imposed the above-guideline sentence and made part of it consecutive to pending state charges. She argues that this conduct was relevant conduct already taken into account in imposing the upward variance and so the sentences should have been concurrent.

The substantive reasonableness of a sentence is reviewed for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). In reviewing the substantive reasonableness of a sentence, this court considers "the totality of the circumstances, including the extent of any variance from the Guidelines range" and "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Id.* "A non-

No. 18-10606

Guideline sentence unreasonably fails to reflect the statutory sentencing factors where it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *Smith*, 440 F.3d at 708. "The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall*, 552 U.S. at 51.

Barba does not cite to any precedent that indicates the district court's consideration of pending charges in imposing an upward variance was improper or an abuse of discretion. Regarding the imposition of consecutive sentences, the district court ordered the 24-month sentence to run concurrently to all pending charges that involved conduct relevant to the offense of conviction such as forgery and fraudulent use of identification. The district court ordered the sentence to run consecutively to pending charges that were unrelated to the offense of conviction, such as drug charges and unauthorized use of a vehicle. The district court did not abuse its discretion. *See Setser v. United States*, 566 U.S. 231, 236, 240 (2012); U.S.S.G. § 5G1.3(c).

Barba argues that the district court violated her rights under the Fifth Amendment's Due Process Clause and the Sixth Amendment's Confrontation Clause by finding that she committed crimes that were the basis of pending state charges based on information in the presentence report rather than on first-hand testimony as to the events in question. She correctly acknowledges that circuit precedent forecloses this argument, citing *United States v. Beydoun*, 469 F.3d 102, 108 (5th Cir. 2006).

AFFIRMED.