# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 30, 2021

Lyle W. Cayce
Clerk

No. 20-61084
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

DANIEL ROBERT,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:14-CR-11-2

Before BARKSDALE, WILLETT, and DUNCAN, *Circuit Judges*.

PER CURIAM:*

Daniel Robert was convicted of: in 2007, conspiring to possess, with intent to distribute, 500 grams or more of a mixture or substance containing cocaine hydrochloride, in violation of 21 U.S.C. § 846 (count one); in 2007, aiding and abetting possession, with intent to distribute, 500 grams or more

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

of a mixture or substance containing cocaine hydrochloride, in violation of 21 U.S.C. § 841(a)(1) (count two); in 2009, conspiring to possess, with intent to distribute, five kilograms or more of a mixture or substance containing cocaine hydrochloride, in violation of 21 U.S.C. § 846 (count three); and in 2009, aiding and abetting attempted possession, with intent to distribute, five kilograms or more of a mixture or substance containing cocaine hydrochloride, in violation of 21 U.S.C. § 841(a)(1) (count four). He was sentenced to, *inter alia*, 330-months' imprisonment. He appeals his convictions, challenging, *inter alia*: sufficiency of the evidence; denial of his motion to sever; a claimed variance between counts one and three and the proof at trial; and admission of other-acts evidence.

A preserved sufficiency-of-the-evidence challenge is reviewed *de novo*. *United States v. Brown*, 727 F.3d 329, 335 (5th Cir. 2013). Our review asks whether the evidence would allow "*any* rational trier of fact [to find] the essential elements of the crimes beyond a reasonable doubt". *Id.* (emphasis in original) (citation omitted); *see also United States v. Pando Franco*, 503 F.3d 389, 394 (5th Cir. 2007) ("[T]he sole inquiry is not whether the jury's verdict was ultimately correct but whether the jury made a reasonable decision based upon the evidence introduced at trial".). The evidence is viewed in the light most favorable to the verdict, giving the Government the benefit of all reasonable inferences and credibility choices. *Brown*, 727 F.3d at 335. Along that line, the jury is the sole decider of the credibility of witnesses, and "[w]e will not second guess the jury in its choice of which witnesses to believe". *United States v. Zuniga*, 18 F.3d 1254, 1260 (5th Cir. 1994) (citations omitted).

The Government presented evidence that Robert and codefendants drove to Texas on multiple occasions to obtain drugs for distribution in Mississippi. Robert contends the Government failed to show he was involved in, or even aware of, the offenses charged. This overlooks his codefendants'

testimony implicating him, not only in those offenses, but in a larger pattern of drug trafficking. The uncorroborated testimony of a single coconspirator can sustain a conviction. *United States v. Bermea*, 30 F.3d 1539, 1552 (5th Cir. 1994). Here, the jury heard detailed accounts from two coconspirators; the testimony was consistent and corroborated other evidence, including circumstantial evidence of: planning, coordination, and intent. *See United States v. Zamora-Salazar*, 860 F.3d 826, 832 (5th Cir. 2017) (noting "jury may infer any element of conspiracy from circumstantial evidence" (citation omitted)). The evidence sufficiently proved the offenses' essential elements. Robert's reliance on *Sears v. United States*, 343 F.2d 139 (5th Cir. 1965), is misplaced because it did not turn on sufficiency. To the extent he contends his convictions on counts one and two required proof he personally possessed cocaine, his challenge is misplaced. *See, e.g.*, *United States v. Scott*, 892 F.3d 791, 799 (5th Cir. 2018) (noting "Government is not required to prove actual or constructive possession [for] aiding and abetting").

Regarding denial of his pre-trial motion to sever, Robert contends he was prejudiced as to counts one and two, the offenses in 2007, by the joinder of counts three and four, the offenses in 2009. Joinder is prejudicial "when the jury is unable to separate the evidence and apply it to the proper offenses, or where the jury might use the evidence of one of the crimes to infer criminal disposition to commit the other crimes charged". *United States v. Fortenberry*, 914 F.2d 671, 675 (5th Cir. 1990) (holding joinder of related counts not prejudicial because evidence "distinct in time and source" and jury would encounter "little difficulty separating [it]"). A severance-denial is reviewed for abuse of discretion and will not be reversed absent "a showing of specific and compelling prejudice which results in an unfair trial". *United States v. Ballis*, 28 F.3d 1399, 1408 (5th Cir. 1994).

Robert fails to make that showing. Moreover, the court instructed the jury to distinguish each count and its related evidence. This instruction

generally suffices to cure any prejudice from a failure to sever counts. *See United States v. Hickerson*, 489 F.3d 742, 746 (5th Cir. 2007) (holding district court did not abuse its discretion, jury given instruction and defendant failed to establish it was disregarded).

Next, regarding counts one and three, Robert contends there was a variance between the indictment and the proof at trial. Even assuming this to be true, reversal is unwarranted because he fails to demonstrate prejudice. *See United States v. Jara-Favela*, 686 F.3d 289, 299–300 (5th Cir. 2012) (explaining reversal warranted only when difference between indictment and jury instruction allows "defendant to be convicted of a separate crime from the one for which he was indicted" (citation omitted)). A variance does not constitute reversible error if "defendant receives notice and is not subject to the risk of double jeopardy". *United States v. Ekanem*, 555 F.3d 172, 174 (5th Cir. 2009) (citation omitted). Robert does not assert: he was prejudiced in preparing his defense; he is at risk of double jeopardy; or the jury was charged improperly on counts one and three. Moreover, jurors were cautioned repeatedly against drawing the type of inference he maintains the indictment's wording might have suggested.

As for his other-acts-evidence challenge, evidentiary rulings are reviewed for abuse of discretion; and this review, understandably, "is necessarily heightened" for criminal proceedings. *United States v. Sumlin*, 489 F.3d 683, 688 (5th Cir. 2007). Generally, other-acts evidence is not admissible to prove a person possessed a particular character or character trait. FED. R. EVID. 404. Admissibility turns, *inter alia*, on whether the evidence is intrinsic or extrinsic. *United States v. Rice*, 607 F.3d 133, 141 (5th Cir. 2010) (holding court did not abuse discretion by admitting intrinsic other-act evidence). Evidence is intrinsic if "inextricably intertwined" with evidence of a charged offense; this evidence is generally admissible. *See id.*; *Sumlin*, 489 F.3d at 689 (noting "Rule 404(b) only applies to limit the

admissibility of evidence of extrinsic acts"). Extrinsic other-act evidence is admissible if, as discussed *infra*, it satisfies the two-prong test provided in *United States v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978) (en banc); *see* FED. R. EVID. 404(b).

Two coconspirators testified about uncharged trafficking offenses. Robert did not object to the admission of some of this testimony; reversal, therefore, is not warranted unless he shows reversible plain error. *See, e.g.*, *United States v. Ceballos*, 789 F.3d 607, 617, 620–21 (5th Cir. 2015) (holding defendant failed to meet standard). Some of the challenged testimony may qualify as intrinsic evidence, as the Government contends. Parsing the relevant statements individually is unnecessary, however, because, even assuming his challenges are preserved and none of the evidence is intrinsic, he does not show they run afoul of the *Beechum* test.

*Beechum*'s first prong asks whether the "evidence is relevant to an issue other than the defendant's character". *Beechum*, 582 F.2d at 911. Evidence of Robert's involvement in a pattern of trafficking activity was probative of his knowledge and intent. *See, e.g.*, *United States v. Garcia Mendoza*, 587 F.3d 682, 689 (5th Cir. 2009) (concluding evidence of accused conspirator's involvement in another drug conspiracy five years earlier "highly relevant" to his intent). Although Robert maintains he did not place his intent at issue, he is mistaken. *See United States v. Booker*, 334 F.3d 406, 411 (5th Cir. 2003) ("The mere entry of a not guilty plea in a conspiracy case raises the issue of intent sufficiently to justify the admissibility of extrinsic offense evidence." (citation omitted)).

*Beechum*'s second prong asks whether the probative value of extrinsic evidence is "substantially outweighed" by the risk of undue prejudice. *Beechum*, 582 F.2d at 911. Limiting instructions can "greatly minimize any risk of undue prejudice posed by the admission of extrinsic evidence".

No. 20-61084

*Garcia Mendoza*, 587 F.3d at 689. The jury received one. Robert contends this instruction was ineffective, but his assertion is unclear and unpersuasive. His largely unexplained references to the strictures of Federal Rule of Evidence 104(b) (relevance depending on facts) are no more successful in bolstering his claims.

Robert refers to other legal theories and points of error. Those issues are inadequately briefed; he, therefore, has abandoned them. *United States v. Scroggins*, 599 F.3d 433, 446–47 (5th Cir. 2010) (noting merely alluding to legal theory without explanation constitutes failure to brief). We also decline to review issues raised for the first time in his reply. *Id.* at 447 (explaining issues not raised in initial brief on appeal generally not reviewed).

AFFIRMED.